## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

August 17, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ELEANOR MICELI, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Sumner Chancery No. 97C-229 |
| | ) | |
| v. | ) | |
| | ) | Appeal No. 01A01-9807-CH-00400 |
| DEBORAH KAY THOMPSON, | ) | |
| CHARLES R BURNETT, and wife | ) | |
| MEREDYTH G. BURNETT, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

APPEAL FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE TOM E. GRAY, CHANCELLOR

For the Plaintiff/Appellant:                    For the Defendants/Appellees:

Vance Cramb, Jr.                                William Timothy Hill
Nashville, Tennessee                            Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

**OPINION**

This case involves the enforcement of a judgment lien. The trial court held that the judgment lien had expired because the judgment creditor failed to enforce the lien within the three year period set out in Tennessee Code Annotated § 25-5-105. We affirm.

On March 4, 1994, Plaintiff/Appellant Eleanor Miceli ("Miceli") obtained a judgment against Defendant/Appellee Deborah Kay Thompson ("Thompson") in the Chancery Court of Davidson County, Tennessee, in the amount of $18,000.[1] On March 23, 1995, an order was entered allowing the judgment to be paid by installments. At the time of the judgment, Thompson and her husband Thomas Thompson owned real property located at 1096 Jenkins Lane, Hendersonville, Tennessee, ("the Property") as tenants by the entirety. On March 8, 1996, Deborah Kay Thompson and Thomas Thompson were divorced.

After the Thompsons were divorced, on March 27, 1996, Miceli recorded a judgment lien against the Property. Deborah Kay Thompson and Thomas Thompson subsequently conveyed their interest in the Property to Defendants/Appellees Charles and Meredyth Burnett ("the Burnetts") by warranty deed on May 9, 1996.

Approximately one year later, on May 7, 1997, Thompson filed another motion to pay the judgment by installments. On May 8, 1997, the trial court stayed garnishment for sixty days from the date of its order. On June 23, 1997, Miceli attempted to execute on Thompson's personal property in order to satisfy the judgment. The execution/levy was returned "Nulla Bona" on July 1, 1997. On July 31, 1997, Miceli filed a complaint to enforce the judgment lien. The Burnetts filed an answer and a cross-claim against Deborah Kay Thompson and a third party complaint against Thomas Thompson for breach of warranty in the conveyance of the Property. Miceli filed a motion for default judgment against Deborah Kay Thompson; the motion was granted on March 18, 1998.

The Burnetts filed a motion for summary judgment. In the motion, the Burnetts argued that the judgment lien had expired because Miceli failed to execute the lien within the three-year period set out by Tennessee Code Annotated § 25-5-105. The Burnetts noted that the judgment was entered on March 4, 1994, and the complaint seeking to enforce the judgment lien was filed on July 31, 1997, well beyond the statutory period. In response, Miceli argued that the statutory period should be extended because the trial court granted several motions to stay execution on Thompson's

---

[1]Deborah Kay Thompson was formerly known as Deborah Kay Miceli.

personal property. Miceli noted that Tennessee Code Annotated § 26-3-101 requires that the plaintiff first execute on goods and chattels of the defendant, and if the amount recovered is insufficient to pay the debt, plaintiff may then execute on the defendant's real property. Miceli argued that the trial court stayed execution on personal property, which prevented Miceli from executing on the real property. Miceli also noted that a judgment lien attaches to after-acquired property of the debtor, and asserted that Thompson in effect acquired a "new" interest in the Property when the divorce decree was entered on March 12, 1996.

The trial court granted the Burnetts' motion for summary judgment:

[T]hat a judgment for which Eleanor Miceli seeks enforcement in this suit was rendered on March 4, 1994. The abstract of judgment obtained by Miceli was recorded on March 27, 1996 . . . . Thomas E. Thompson, et ux, Deborah Kay Thompson executed and conveyed certain real property in Sumner County to Charles R. Burnett et ux, Meredyth Burnett by Warranty Deed . . . on May 9, 1996. This action to enforce the judgment lien as to real property was commenced on July 31, 1997.

T.C.A. 25-5-105 states that a lien given by that chapter will be lost, unless an execution is taken out within three (3) years commencing with the date of entry of the judgment. Levy on personal property was issued on June 23, 1997. Execution was taken out more than three years after the rendition of the judgment. This action was commenced after the time period as prescribed by T.C.A. 25-5-104 and T.C.A. 25-5-105 and the lien expired.

Plaintiff asserts that the injunctive powers granted pursuant to T.C.A. 26-2-216 are equal in effect to an extension of time for execution for other adverse proceedings provided in T.C.A. 25-5-106. The injunctive powers and extension of time for execution for other adverse proceedings was a provision which was deleted by the legislature in 1986. T.C.A. 25-5-106 provides that the time for sale in section 25-5-105 shall commence upon the final determination of such case if an appeal is taken. T.C.A. 25-5-106 as amended in 1986 does not provide for extension of time on injunctions or other adverse proceedings as previously enacted.

Plaintiff next submits that the judgment lien attached to after acquired interest in land and continued for the period of three years from the time that title was acquired by judgment debtor. While the Debtors divorce decree may have divided [sic] certain actions to take place with respect to title, the deed as filed by the parties and before this Court . . . does not reflect any conveyance to a judgment debtor, but rather was executed by both Thomas E. Thompson and Deborah Kay Thompson to present owners and defendants, Charles R. Burnett and wife, Meredyth G. Burnett. The doctrine of after acquired property does not apply so as to defeat defendant's Motion for Summary Judgment.

The plaintiff submitted several documents in asserting admissions and waivers. These items are presented to the Court absent an affidavit and are not a part of certified documents from the Court. The defendants make objection that these items are not properly filed under Rule 56 of the Rules of Civil Procedure. The Court does not consider these items, but nonetheless, these items are considered as relevant nor material facts.

The Court finds that there is no genuine issue as to any material fact in this cause, and Charles R. Burnett and wife, Meredyth G. Burnett are entitled to judgment as a matter of law.

From this order, Miceli now appeals.

2

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. In this case, there are no disputed facts, only isses of law which arise from the undisputed facts. Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Tennessee Code Annotated § 25-5-105 states that execution on a judgment lien must commence within three years from the date the judgment was entered, or the lien will be lost. Tenn. Code Ann. § 25-5-105 (Supp. 1998). Tennessee Code Annotated § 26-3-101 requires execution on personal property before real property:

> Executions shall be levied on the goods and chattels of the defendant, in the first instance, if any there be; but if, to the best of the officer's knowledge, there be no such goods and chattels, or not sufficient to answer the plaintiff's demands, the same shall be executed upon the lands and tenements.

Tenn. Code Ann. § 26-3-101 (1980).

In this case, the underlying judgment was rendered on March 4, 1994. On July 31, 1997, Miceli filed a complaint to enforce the judgment lien. Miceli argues that the three year period for the enforcement of the judgment lien should be extended because the trial court stayed execution on Thompson's personal property, and precluding execution on the real property.

In *Weaver v. Hamrick*, 907 S.W.2d 385 (Tenn. 1995), the Tennessee Supreme Court addressed the issue of whether the three year period for the enforcement of a judgment lien in Tennessee Code Annotated § 25-5-105 was tolled during an automatic stay in bankruptcy, which precluded the enforcement of the lien. The *Weaver* Court noted that Tennessee Code Annotated § 25-5-106 tolls the statute only during the appeal of the underlying judgment. *Weaver*, 907 S.W.2d at 390. The Court recognized that Section 25-5-106 once provided for the continuation of the lien "[i]f . . . prevented by injunction, writ of error, or other adverse proceeding in court . . . ." *Id.* at 390 (citing Tenn. Code Ann. § 25-5-106 (1980)). However, the statute was amended to delete this language. The *Weaver* Court noted "that the Tennessee legislature has narrowed the situations in which the life of the lien may be extended." *Id.* Thus, it held that the three year period was not tolled by the automatic stay in bankruptcy. *Id.* at 390-91.

3

The reasoning in *Weaver* must control in this case. The statutory language which would support Miceli's argument was specifically deleted by amendment of the statute. We must conclude that the three year period to enforce the judgment lien was not tolled by the trial court's stays of execution in this case. *See* Tenn. Code Ann. § 25-5-106 (Supp. 1998).

Miceli also contends on appeal that the three year period should commence on the date the Thompsons' divorce decree was entered. Miceli argues that the Property was "after-acquired" property because it was "revested," pursuant to the language of the divorce decree, as a tenancy in common. The trial court rejected this argument:

> While the Debtors divorce decree may have divided [sic] certain actions to take place with respect to title, the deed . . . *does not reflect any conveyance to a judgment debtor*, but rather was executed by both Thomas E. Thompson and Deborah Kay Thompson to present owners and defendants, Charles R. Burnett and wife, Meredyth G. Burnett. The doctrine of after acquired property does not apply . . . .

(emphasis added). We agree with the trial court's reasoning. This issue is without merit.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, for which execution may issue, if necessary.

 

_____
HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**ALAN E. HIGHERS, J.**

4