# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

April 20, 2000 Session

## HEALTH COST CONTROLS, INC. v. RONALD GIFFORD

### An Appeal from the Chancery Court for Weakley County
### No. 15726    W. Michael Maloan, Chancellor

---

### No. W1999-02598-COA-R3-CV - Filed April 24, 2001

---

This is an insurance case. The defendant sustained injuries in an automobile accident while riding as a passenger in a car owned by his mother. The defendant's insurance policy did not cover expenses for injuries "when a person, other than the person for whom the claim is made, is considered responsible for the sickness or injury." Unaware of any third party responsible for the accident, the insurance company paid part of the defendant's medical bills. The defendant subsequently recovered from his mother's automobile insurance carrier. When the defendant's insurance company learned of the subsequent recovery, it filed suit seeking repayment of the amount it paid for the defendant's medical bills. The trial court granted summary judgment to the insurance company, finding that it was entitled to recovery based on the policy. The defendant appeals. We affirm, finding *inter alia* that a person need not be at fault in the automobile accident to be "considered responsible" under the policy.

**Tenn. R. App. P. 3; Judgment of the Chancery Court is Affirmed.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

H. Max Speight, Dresden, Tennessee, for the appellant Ronald Gifford.

Thomas H. Lawrence and John M. Russell, Memphis, Tennessee, for the appellee Health Cost Controls, Inc.

### OPINION

In March 1997, Defendant/Appellant Ronald Gifford ("Gifford") was injured in an automobile accident while riding as a passenger in a car driven by his brother and owned by his mother. Gifford had insurance coverage provided by Prudential Insurance Company ("Prudential").

Gifford's insurance policy with Prudential contained a provision limiting recovery for injuries sustained as the result of the actions of a third party:

BENEFIT MODIFICATION FOR THIRD PARTY LIABILITY

This modifies any Coverage of the Group Contract that:

(1)  is a health care expense Coverage; or

(2)  provides weekly disability benefits.

A.  This Modification applies when a person, other than the person for whom a claim is made, is considered responsible for a Sickness or Injury. To the extent payment for the Sickness or Injury is made, or may be made in the future, by or for that responsible person (as a settlement, judgment or in any other way):

(1) charges arising from that Sickness or Injury are not covered; and

(2) benefits for any period of Total Disability resulting (in whole or in part) from that Sickness or Injury are not payable.

B.  But when claim is received by Prudential, benefits which would be payable except for A above will be paid if:

(1) payment by or for the responsible person has not yet been made; and

(2) the Covered Person(s) involved (or if incapable, that person's legal representative) agrees in writing to pay back promptly the benefits paid as a result of the Sickness or Injury to the extent of any future payments made by or for the responsible person for the Sickness or Injury.  The agreement is to apply whether or not: (a) liability for the payments is admitted by the responsible person; and (b) such payments are itemized.            A reasonable share of fees and costs incurred to obtain such payments            may be deducted from amounts to be repaid to Prudential.

C.  Amounts due Prudential to repay benefits, agreed to as described in B. above, may be deducted from other benefits payable by Prudential after payments by or for the responsible person are made.

Although the provision generally denied coverage for medical expenses when a third party is responsible for the injury, it allowed payment for such injuries if the responsible third party had not yet paid and the insured agreed in writing to reimburse Prudential when the insured recovered from the third party or from someone on the third party's behalf.

Prudential paid $37,795.08 in medical expenses on behalf of Gifford in connection with his injuries. Gifford subsequently recovered $100,000[1] from his mother's insurance carrier, State Farm Insurance Company, for the injuries he sustained in the accident. A State Farm claim affidavit states that $44,000 of the $100,000 Gifford recovered from State Farm was for the medical expenses incurred by Gifford in connection to the injuries he received in the accident; the remaining $56,000 was for Gifford's pain and suffering. Gifford signed a full release with State Farm, discharging all claims, including medical expenses, that he may have had against his mother and brother.

Upon learning of Gifford's recovery from State Farm, Plaintiff/Appellee Health Costs Controls, Inc. ("HCC"), Prudential's assignee for the purposes of investigating and prosecuting all of Prudential's rights and claims of reimbursement or overpayment of claims, initiated contact with Gifford's attorney seeking the $37, 795.08 Prudential paid for Gifford's medical expenses. Gifford refused to return the amount paid by Prudential. HCC then filed a lawsuit against Gifford seeking return of the payment. HCC alleged that it was entitled to reimbursement of the payment because Prudential had been unaware that there was a third party responsible for Gifford's injuries and, as a result, mistakenly overpaid Gifford for claims not covered under the policy. HCC later filed a motion for summary judgment. In the motion, HCC asserted that the claims were not covered under the terms of the Prudential policy and that Prudential overpaid Gifford based on a mistake of fact, namely, that it was unaware that Gifford's injuries were the responsibility of third party.

The trial court found that the terms of the Prudential policy unambiguously denied coverage for charges arising from an injury for which a third party is responsible and payment is made by the responsible party by "settlement, judgment, or in any other way." The trial court also found that it was undisputed that Gifford was injured in an automobile accident, a portion of his medical expenses were paid by Prudential, and that he "settled his personal injury claim with the automobile owner's insurance company, State Farm." On this basis, the trial court granted HCC's motion for summary judgment and ordered Gifford to reimburse Prudential. From this grant of summary judgment, Gifford now appeals.

On appeal, Gifford argues that the trial court erred in granting HCC's motion for summary judgment because the trial court never determined whether there was a third party responsible for his injuries. Gifford contends that, under the terms of the policy, reimbursement is required only upon the determination that a third person was responsible for the injuries he sustained in the accident and if he agrees, in writing, to pay back the amount received from Prudential. Gifford asserts that the trial court never made the required determination that a third party was responsible for the injuries he sustained. In the alternative, he argues that, even if the trial court had made such a determination, he never agreed in writing to reimburse Prudential for the payment. In addition, Gifford argues that the policy is ambiguous because it does not define the term "responsible person"

---

[1] HCC's amended complaint and memorandum in support of summary judgment state that Gifford recovered $105,000 from State Farm. However, in an affidavit filed in support of HCC's motion for summary judgment, State Farm claim specialist Nancy Thomas stated that State Farm paid Gifford the policy limit of $100,000. In addition, the trial court, in its findings of facts, also listed the sum as $100,000.

or explain whether the third person must be at fault for causing the accident in which the injury occurred in order to be "responsible" for the injury.

On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). A motion for summary judgment should be granted when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment *Bain*, 936 S.W.2d at 622. Thus, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

When interpreting or enforcing a contract, the contract must be considered as written, according to its plain terms. *See Warren v. Metropolitan Gov't of Nashville & Davidson County*, 955 S.W.2d 618, 622-23 (Tenn. App. 1997). A contract is ambiguous only when its meaning is uncertain, in that the language may be reasonably understood in more ways than one. However, "a strained construction may not be placed on the language used [in the contract] to find an ambiguity where none exists," nor does an ambiguity arise "merely because the parties may differ as to interpretation of certain provisions." *Id.* (citations omitted) When the clear language of the contract reveals the intent of the parties, the court need not apply the rules of construction. The meaning of a plain and unambiguous contract is a question of law for the court. *Id.* Therefore, our review of the trial court's interpretation of the policy is *de novo* with no presumption of correctness.

The provision at issue in this case states that the policy does not cover expenses arising from a sickness or injury when a third party is considered responsible "to the extent payment for the Sickness or Injury is made, or may be made in the future, by or for that responsible person (as a settlement, judgment, or in any other way)." Nothing in the language indicates that the person must be found at fault for the accident that resulted in the injury in order to be considered responsible. The policy refers to responsibility in terms of payment for the injury. It is undisputed that State Farm paid Gifford $100,000 to settle his personal injury claims arising from the injuries he sustained in the March 1997 automobile accident. Thus, under the plain language of the policy, the expenses arising from the injuries Gifford sustained in the accident were not covered by the policy.

Gifford argues in the alternative that the policy provides for Prudential to recover such monies paid by a responsible third party only where Gifford has agreed in writing to pay back the benefits. Gifford executed no such agreement. However, HCC does not seek repayment pursuant

to this policy provision. Rather, HCC's lawsuit seeks recoupment of a payment which should never have been made:

> When money is [paid by a mistake] of fact, that is, upon the supposition that a specific fact is true which would entitle the other to the money, but which fact is untrue and the money would not have been paid if the fact had been known to the payor an action will lie to recover it back, and this right proceeds upon the ground that the plaintiff has paid money which he was under no obligation to pay, and which the party to whom it was paid has no right to either receive or retain.

*Guild v. Baldridge*, 32 Tenn. 295, 295-96 (Tenn. 1852). It is undisputed that Prudential would not have paid Gifford's medical expenses had it known that a third party was responsible for payment. It is also undisputed that Prudential would not have paid for Gifford's medical expenses had it known that a third party was responsible and that Gifford had not signed the reimbursement agreement.

Prudential's alleged negligence in failing to ascertain that a third party was responsible for payment does not bar its claim for recoupment: "Ordinary negligence in failing to ascertain the facts is not alone sufficient to bar a recovery in cases of money paid under a mistake of fact." *W.E. Richmond & Co. v. Security Nat'l Bank*, 64 S.W.2d 863, 867 (Tenn. Ct. App. 1933). There is no evidence to suggest that Prudential willfully or intentional neglected to investigate the facts. *See Id.* Consequently, we find that the trial court did not err in finding that Prudential was entitled to recoupment of the overpaid benefits and in granting summary judgment in favor of HCC.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Ronald Gifford, and his surety, for which execution may issue if necessary.

_____
HOLLY K. LILLARD, JUDGE