IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS DECEMBER 29, 2000

## EDDIE WILLIAMS, JR. v. ALTON HESSON, WARDEN, ET AL.

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5302; The Honorable Joseph H. Walker, Judge**

————————————

**No. W2000-02725-COA-R3-CV - Filed March 13, 2001**

————————————

This appeal involves a claim of discrimination and denial of access to the courts by a maximum security inmate in the custody of the Tennessee Department of Correction. The court below granted summary judgment to the defendants. For the following reasons, we affirm the trial court's entry of summary judgment.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Eddie Williams, Jr., *pro se*

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, Mark A. Hudson, Senior Counsel, for Appellees

**OPINION**

**Facts and Procedural History**

On October 8, 1999, Eddie Williams, Jr., (Mr. Williams) a maximum security inmate in the custody of the Tennessee Department of Correction housed at West Tennessee State Penitentiary in Henning, Tennessee, filed a complaint for violation of civil rights under 42 U.S.C. § 1983 in the circuit court of Lauderdale County in Ripley, Tennessee. Mr. Williams sued Alton Hesson, the warden of the penitentiary where Williams is housed, as well as several other prison employees.

In his complaint, Mr. Williams alleged that the defendants engaged in job discrimination when they refused to assign him to a job as an inmate legal helper. The Unit Team for the Maximum Security Unit at West Tennessee State Penitentiary and the Job Board determine the job assignments of inmates that are on maximum security status. According to one of the unit managers at West Tennessee State Penitentiary, Mr. Williams is continually disruptive and threatening to staff and

other inmates, and he is considered a security risk because of his disruptive behavior. Since an inmate with the position of legal helper conducts many of his job duties outside of his cell, the unit team refused Mr. Williams' request to become a legal helper because it was their opinion that he would pose a security risk based on his past behavioral problems.

Mr. Williams also alleges that he is denied access to the courts because he claims that his access to legal books and supplies is severely limited. In response, prison officials averred that inmates in segregation are permitted to receive five legal books at a time, and requests for more books are usually granted. Moreover, prison officials averred that legal supplies such as pens, paper, and carbon are issued on a regular basis and if additional supplies are needed, they are issued as necessary.

On November 15, 1999, Mr. Williams filed a Motion for Amended Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 seeking to add additional defendants and claims. On December 15, 1999, a Motion to Dismiss or for Summary Judgment was filed by Defendants. The court below filed an order granting Defendants' motion for summary judgment and dismissing the case on September 5, 2000. Mr. Williams raises the following issues, as we perceive them, for our review:

1) Whether Appellant was discriminated against when he was denied the position of inmate legal helper.
2) Whether Appellant was denied access to the courts.
3) Whether the trial court's decision constituted judicial prejudice.

**Standard of Review**

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this court. See Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

**Law and Analysis**

First, Mr. Williams argues that the trial court erred in concluding that he has no constitutional right to a prison job. We disagree. It is well settled that an inmate has no constitutional right to prison employment or to a particular job assignment. See Newsom v. Norris, 888 F.2d 371 (6th Cir. 1989); Garza v. Miller, 688 F.2d 480 (7th Cir. 1982). Accordingly, this issue is without merit.

Mr. Williams also claims that he was discriminated against because he was not given the job as inmate legal helper. In order to state a claim of discrimination under 42 U.S.C. § 1983, a plaintiff must allege that a state actor intentionally discriminated against him because of the plaintiff's

membership in a protected class. See Henry v. Metropolitan Sewer Dist., 992 F.2d 332 (6th Cir. 1990). In the case at bar, Mr. Williams failed to allege that he had been discriminated against because of his membership in a protected class. Instead, he argues that Defendants would not hire him because they knew he would provide effective legal assistance to the other inmates. Since Mr. Williams fails to allege that he was discriminated against because of his membership in a protected class, the state must only show that its decision was rationally related to a legitimate governmental interest. See id. The affidavit of Bobby Tillman, a unit manager at West Tennessee State Penitentiary, clearly states that Mr. Williams is continually disruptive and threatening to staff and other inmates. Moreover, Mr. Tillman states that since an inmate legal helper conducts many duties outside of his cell, it was the opinion of prison officials that Mr. Williams would pose a security risk because of past behavioral problems. We find that the state's decision was rationally related to the legitimate interest of prison security. Accordingly, we find no error in the trial court's dismissal of Mr. Williams' discrimination claim.

Next, Mr. Williams argues that he was denied access to the courts. In support of this allegation, Mr. Williams alleges that his access to legal books and supplies is severely limited. In the affidavit of Bobby Tillman, he stated that "[i]nmates in segregation are permitted to receive five legal books and requests for more books are usually granted. Pens, paper, carbons, etc., are issued on a regular basis. Should additional supplies be needed, they are issued as necessary." In Watson v. Norris, 729 F. Supp. 581 (M.D. Tenn. 1989), the court stated the following:

> [t]here is a general agreement that physical access to the law library, in the sense of unrestrained coming and going, is not constitutionally necessary. 'We are concerned with a right of access to the courts, not necessarily to a prison law library.' Reasonable time-and-place restrictions on the use of the library do not contravene any constitutional requirement."

Id. at 585 (internal citations omitted).
Additionally, we note that not any of the court's concerns in Watson regarding an inmate's inability to discern what books and materials are available and relevant is present in the case at bar. As Mr. Williams pointed out in his brief, he passed the required test to become an inmate legal helper. Moreover, Mr. Williams included as an exhibit to Plaintiff's Reply to Defendant's Summary Judgment Motion his Certificate of Completion from the Southern Career Institute for an entry level paralegal. Furthermore, we note that Mr. Williams' brief amply cites twenty-five cases as well as the United States Constitution, the U.S. Code, and the Tennessee Rules of Civil Procedure. Also, Mr. Williams is a frequent litigant before the courts of Tennessee. We find that the prison regulations in the case at bar are reasonable in their limitations, and we are confident that Mr. Williams' access to the courts is by no means frustrated. Accordingly, this issue is without merit.

Finally, Mr. Williams alleges that the trial judge in this case committed judicial misconduct by granting summary judgment to the Defendants. Mr. Williams alleges that the trial judge was

biased towards Defendants.  Upon review of the record, we find that this claim is wholly without merit.

We have reviewed the entire record in this case and, viewing the evidence as we must in a light most favorable to the nonmoving party and discarding all countervailing evidence, we find that there are no genuine issues of material fact in dispute.  As a result, the trial court was correct in its grant of summary judgment to Defendants.

## Conclusion

Accordingly, for the aforementioned reasons, we affirm the ruling of the trial court.  Costs are taxed to appellant, Eddie Williams, Jr., for which execution may issue if necessary.


_____
ALAN E. HIGHERS, JUDGE