# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MARCH 20, 2001 Session

## CARY WHITEHEAD & HOMER BUNKER v. JIM ROUT AND SHELBY COUNTY, TN

**Direct Appeal from the Chancery Court for Shelby County**
**No. 99-0432-3;     The Honorable D. J. Alissandratos, Chancellor**

---

### No. W2000-01239-COA-R3-CV - July 26, 2001

---

This appeal involves a dispute over the sale of a tract of land to Shelby County for a road project. The trial court granted summary judgment to Shelby County. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

R. Porter Feild, Memphis, for Appellants

Michael C. Patton, Michael D. Fitzgerald, Memphis, for Appellees

### MEMORANDUM OPINION[1]

On June 30, 1975, the Quarterly Court of Shelby County entered a Resolution appropriating over $400,000.00 for certain road improvements in southeast Shelby County. The Quarterly Court was providing the funds for an improvements project that had been submitted by the Shelby County Executive Committee. The June 30, 1975, Resolution stated, in pertinent part, as follows:

> NOW, THEREFORE, BE IT RESOLVED AND ORDERED BY
> THE QUARTERLY COUNTY COURT OF SHELBY COUNTY,

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. – (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

TENNESSEE, That the request of the County Executive Committee is authorized through the Shelby County Right-of-Way Department to acquire the necessary right-of-way for the Holmes Road Project.

On July 1, 1975, Shelby County and Whitehead Properties, Inc.,[2] entered into a contract entitled "Offer of Sale of Land." The contract, which was signed by Cary Whitehead on behalf of Whitehead Properties, provided that Whitehead Properties would convey "by general warranty deed a good and marketable fee simple title. . . ." The fee simple title was to be "free and clear of all liens (except liens for current taxes and assessments), easements, restrictions, delinquent taxes and assessments, leases and encumbrances of any kind, existing or inchoate with proper release of dower, curtesy, and waiver of homestead rights, if any, together with all of his right, title and interest in and to any streets or alleys adjoining or abutting thereon." The contract price was $152,200.00.

Pursuant to the contract, Whitehead Properties executed a warranty deed on July 29, 1975, that conveyed the subject property to Shelby County. The granting clause of the deed provided the following: "TO HAVE AND TO HOLD the aforesaid real estate, together with all of the appurtenances and hereditaments thereunto belonging or in any way appertaining unto the said party of the second party its heirs, assigns in fee simple forever." Whitehead Properties received $152,200.00 for the fee simple title to the subject property.

In 1998, Mr. Whitehead learned that Shelby County intended to sell the subject property. On December 18, 1998, Mr. Whitehead and his attorney met with an agent of Shelby County about purchasing the property. Mr. Whitehead wanted the right of first refusal as to the property and offered to purchase the property for its fair market value. In March of 1999, Shelby County advised Mr. Whitehead that it could not sell the property directly to him. Rather, the subject property had to be sold at a public auction.

On May 12, 1999, Mr. Whitehead filed the present action. In his Petition, Mr. Whitehead asserted four different causes of action based upon the contention that Shelby County could not purchase a fee simple interest in the property. On June 16, 1999, Shelby County and Mayor Jim Rout filed their Answer to the Petition, denying that Whitehead was entitled to any relief. On November 1, 1999, Whitehead filed his Motion for Summary Judgment. On January 31, 2000, Shelby County filed its Motion for Summary Judgment. On May 3, 2000, the trial court entered its Order on the cross-motions for summary judgment. The court granted the Motion for Summary Judgment of Shelby County and denied the Motion for Summary Judgment of Whitehead. Additionally, the trial court made the following findings:

1)    Under the applicable law, Shelby County could purchase and hold a fee simple interest in the subject Property.

_____

[2] Whitehead Properties, Inc., was dissolved several years ago. The corporate assets were transferred to Cary Whitehead who was the sole shareholder.

2) Shelby County was not precluded under the June 30, 1975, Resolution of the County Quarterly Court (the "Resolution") from purchasing the fee simple interest in the subject Property.

3) The language of the Resolution authorized Shelby County to purchase the fee simple interest in the subject Property.

4) Cary Whitehead was a sophisticated businessman who had extensive experience with real estate transactions.

5) Cary Whitehead knew that his company was conveying the fee simple interest in the subject Property to Shelby County.

6) Cary Whitehead and Homer Bunker have no legitimate claim to the subject Property.

7) Cary Whitehead does not have an equitable or legal right to rescind the sale of the fee simple interest in the subject Property to Shelby County.

8) If Cary Whitehead had an equitable right to rescind the sale of the fee simple interest in the subject Property to Shelby County, Whitehead would have to refund the purchase price of $152,200.00 plus simple interest at the rate of ten (10%) per annum from July 29, 1975 to date on which the refund was tendered.

On May 24, 2000, Mr. Whitehead filed his notice of appeal. Appellants present the following two issues for our review:

1) Whether the trial court erred in ruling that Shelby County was authorized to purchase a fee simple interest in the Subject Property when the Resolution of the County Quarterly Court which appropriated the funds to make the purchase stated that Shelby County would purchase only a right of way interest.

2) Whether the trial court erred in ruling that if Whitehead had a equitable right to rescind, then he must refund the purchase price plus simple interest at ten percent (10%) per annum from July 29, 1975.

## Standard of Review

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this Court. See Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

**Law and Analysis**

The threshold question before us is whether the language of the June 30, 1975, Resolution of the Shelby County Quarterly Court authorized Shelby County to Purchase the fee simple interest in the subject property. As noted above, the Resolution stated as follows:

> NOW, THEREFORE, BE IT RESOLVED AND ORDERED BY
> THE QUARTERLY COUNTY COURT OF SHELBY COUNTY,
> TENNESSEE, That the request of the County Executive Committee
> is authorized through the Shelby County Right-of-Way Department
> to acquire the necessary right-of-way for the Holmes Road Project.

Whitehead contends that the Quarterly Court of Shelby County only authorized the Right-of-Way Department to purchase an easement in the subject property. Whitehead basically contends that the definition of "right of way" is an easement.

Under Tennessee law, it is clear that Shelby County has the authority to purchase a fee simple interest in real property. See TENN. CODE ANN. § 5-7-101 (1998); see also TENN. CODE ANN. § 7-31-107 (1998). Moreover, we note that the Shelby County Right of Way Department also understood "right of way" to mean a fee simple interest. William Goss, who is a right of way specialist with the Shelby County Right-of-Way Department testified that "the term 'right-of-way' for a roadway improvement project means all of the real property interests necessary for a roadway construction project." David Bennett, the County Engineer, also shared the same view as Mr. Goss. Mr. Bennett and Mr. Goss also testified that "Shelby County has never used the term 'right-of-way' for a roadway improvement project to mean only an easement for the land on which the roadway is built." Furthermore, Mr. Goss and Mr. Bennett testified that

> [they were] not aware of any situation in which Shelby County has
> ever purchased or acquired through condemnation an interest in real
> property on which a roadway is to be located that is other than the fee
> simple estate in the real property. The purchase of the fee simple
> interest in real property occurs whether the land is for the construction
> of a new roadway or for the widening and improvement of existing
> roadways.

It is also clear that the Tennessee legislature does not consider the term "right-of-way" to be synonymous with an easement. Section 29-17-801(a) of the Tennessee Code states the following:

> The state of Tennessee, its counties or municipalities are hereby
> authorized and empowered to acquire by the exercise of the power of
> eminent domain, in the manner hereinafter set out, **such right-of-**
> **way, land, material, easements, and rights as may be deemed**
> **necessary**, suitable or desirable for the construction, reconstruction,

-4-

> maintenance, repair, drainage, or protection of any street, road, highway, freeway, or parkway by the official charged by law with the construction or maintenance of the same.

TENN. CODE ANN. § 29-17-801(a) (2000) (emphasis added). If the legislature had intended "right-of-way" and "easement" to be synonymous, then they would not have used both terms. Each word of a statute is presumed to have meaning and should not be construed as superfluous. See Tidwell v. Collins, 522 S.W.2d 674, 676-77 (Tenn. 1975).

We also note that the language of the contract and deed set out above clearly show that a fee simple title was conveyed. Upon review of the record, we find that Shelby County did have the authority to and did in fact purchase a fee simple interest in the subject property. Furthermore, we affirm the trial court's ruling that Whitehead did not have a right to rescind the sale of the fee simple interest in the subject property to Shelby County. We therefore affirm the trial court's grant of summary judgment to Shelby County.

## Conclusion

For the aforementioned reasons, the judgment of the trial court is affirmed. Costs on appeal are taxed to Appellants, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE