IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 24, 2001 Session

## MICHAEL PINE v. TENNESSEE DEPARTMENT OF CORRECTION

**Appeal from the Chancery Court for Davidson County**
**No. 00-1753-I     Irvin H. Kilcrease, Chancellor**

_____

**No. M2000-02410-COA-R3-CV - Filed February 1, 2002**

_____

This is a declaratory judgment action by an inmate regarding his eligibility for sentence reduction credits. The inmate pled guilty to raping a child. A Tennessee statute requires that anyone convicted of the rape of a child must serve his entire sentence. Notwithstanding this, the inmate was sentenced as an especially mitigated offender eligible for parole after serving twenty percent of his sentence. The inmate filed a petition for declaratory judgment, arguing that he should be eligible to earn sentence reduction credits because he was sentenced as a mitigated offender. The trial court held that the inmate was not eligible for sentence reduction credits. We affirm, finding that the inmate's sentencing as a mitigated offender did not alter the statutory requirement that he serve his entire sentence.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Michael Pine, Clifton, Tennessee, appellant, pro se.

Dawn M. Jordan, Nashville, Tennessee, for the appellee, Tennessee Department of Correction.

**OPINION**

This is a declaratory judgment action regarding an inmate's eligibility for sentence reduction credits. The petition for declaratory judgment was filed by Petitioner/Appellant Michael Pine ("Pine"), who is currently an inmate at a correctional facility administered by Respondent/Appellee Tennessee Department of Correction ("Department of Correction").

In December 1994, Pine pled guilty and was sentenced to a term of 13 years 6 months within the Department of Correction. Pine pled guilty to the offense of Rape of a Child pursuant to Tennessee Code Annotated § 39-13-522. Tennessee Code Annotated § 39-13-523(c) provides that a person convicted as a child rapist under Tennessee Code Annotated § 39-13-522 is not entitled to parole eligibility status until he has served the entire sentence imposed by the court. The statute

states further that a person convicted as a child rapist is not entitled to receive any sentence reduction credits for which he might otherwise be eligible. Tenn. Code. Ann. § 39-13-523(b). Notwithstanding the sentencing requirements of Tennessee Code Annotated § 39-13-523(c), the trial court sentenced Pine as an especially mitigated offender with parole eligibility after serving twenty percent of his sentence.[1] However, the judgment order entered by the trial court did not address Pine's eligibility for sentence reduction credits.

Although Pine alleges that the Department of Correction initially awarded him sentence reduction credits, after his first parole hearing the Department of Correction removed his eligibility to earn further sentence reduction credits and revoked any previously issued credits. Pine requested an administrative declaratory order to reinstate his eligibility to earn sentence reduction credits in accordance with Tennessee Code Annotated § 41-21-236.[2] After this request was denied, Pine filed a Petition for Declaratory Judgment with the Davidson County Chancery Court. In response, the Department of Correction filed a motion to dismiss for failure to state a claim or, alternatively, a motion for summary judgment. The trial court granted the Department of Correction's motion for summary judgment, finding that the mandates of Tennessee Code Annotated § 39-13-523(b) applied to Pine's plea agreement. From this order, Pine now appeals.

On appeal, Pine argues that the trial court erred in granting the Department's motion for summary judgment because the requirements of Tennessee Code Annotated § 39-13-523(b) are inapplicable pursuant to the terms of his plea agreement. He contends that his sentencing as an especially mitigated offender makes him eligible to earn sentence reduction credits under Tennessee Code Annotated § 41-21-236.

We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997) (quoting ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997)). The material facts of this case are essentially undisputed and, therefore, the only question is whether Department of Correction was entitled to summary judgment as a matter of law. ***See*** Tenn. R. Civ. P. 56.04.

Pine argues that his sentencing as an especially mitigated offender establishes his eligibility to earn sentence reduction credits pursuant to Tennessee Code Annotated § 41-21-236. A similar issue was addressed in ***Rutherford v. Campbell***, No. M1999-02789-COA-R3-CV, 2000 WL 679235 (Tenn. Ct. App. May 25, 2000). In ***Rutherford***, as in this case, a petition for declaratory judgment was filed by an inmate who pled guilty to child rape, asserting the inmate's eligibility for sentence reduction credits. ***Rutherford***, 2000 WL 679235 at *1. In ***Rutherford***, as in this case, the judgment order said nothing about the inmate's eligibility for sentence reduction credits. ***Id.*** This Court noted

---

[1] Tennessee Code Annotated § 40-35-109 provides that a court may find a defendant to be an especially mitigated offender if he has no prior felony convictions and there are mitigating factors but no enhancement factors.

[2] Tennessee Code Annotated § 41-21-236(a)(2) provides that "[e]ach inmate who exhibits good institutional behavior and/or who exhibits satisfactory performance within a program may be awarded time credits toward the sentence imposed."

that the "availability of sentence reduction credits for child rapists was specifically proscribed by the legislature" in Tennessee Code Annotated § 39-12-523. *Id.* at *2. This Court affirmed the trial court's ruling that the inmate was not eligible for sentence reduction credits.

Pine distinguishes *Rutherford* in that, unlike *Rutherford*, Pine was sentenced as an especially mitigated offender as part of his plea agreement. The statute governing the sentencing of especially mitigated offenders, Tennessee Code Annotated § 40-35-109, does not make such offenders automatically eligible for sentence reductions credits. The judgment order is silent as to Pine's eligibility for sentence reduction credits. *See Rutherford*, 2000 WL 679235 at *2. Under all of these circumstances, we must hold that Pine is not eligible for sentence reduction credits. This holding pretermits any other issues raised.

The decision of the trial court is affirmed. Costs are taxed against the appellant, Michael Pine, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE