October 27, 1997
<u>FOR PUBLICATION</u>

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

FILED

**October 27, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

WILLIAM GAYLE WARREN,                    (

    Plaintiff-Appellant,                 (

                                  ( McNairy Circuit

v.                                       ( Hon. Jon Kerry Blackwood,
                                   ( Judge

                                 ( S. Ct. No. 02S01-9602-CV-00006
THE ESTATE OF JERRY N. KIRK,             (
DECEASED AND BELTON DUNCAN d/b/a         (
DELTA TREE SERVICE,                      (
                                 (
    Defendant-Appellee.                  (

For Plaintiff-Appellant:                  For Defendant-Appellee:

Joseph C. Langston                     Stephen Craig Kennedy
  Langston, Langston, Michael          Deusner & Kennedy
  & Bowen, P.A.                   Selmer
Booneville, MS

Kent E. Smith
  Webb, Sanders, Deaton,
  Balducci, Smith & Faulks
Oxford, MS

**O P I N I O N**

JUDGMENT OF TRIAL COURT AND
JUDGMENT OF COURT OF APPEALS
REVERSED; CASE REMANDED.                 REID, J.
      This case presents for review the decision of the Court

of Appeals affirming the trial court's grant of summary judgment for the owner of a vehicle in an action for personal injuries caused by the negligent operation of the vehicle. The Court of Appeals found that there is no genuine issue of material fact as to the existence of a master-servant relationship between the driver and the owner and dismissed the complaint against the owner. This Court concludes that the lower courts erred in granting summary judgment.

I

The plaintiff, William Gayle Warren, alleges that on October 19, 1991 he was driving a tractor-trailer on U.S. Highway 45 in McNairy County; that at that time and place the defendant Jerry N. Kirk, now deceased, was driving a pickup truck in the opposite direction; that Kirk's vehicle crossed the center line and struck the plaintiff's vehicle; and that Kirk was killed and the plaintiff was injured as the result of the collision. The complaint further charges that the pickup truck was owned by the defendant Belton Duncan, d/b/a Delta Tree Service and that Kirk was "an agent and employee" of Duncan.

The defendant Duncan filed an answer in which he denied that the plaintiff is entitled to recover from him. He states in his answer that he "admits that Jerry N. Kirk was employed by Belton Duncan d/b/a Delta Tree Service, but specifically denies that Jerry N. Kirk was acting as the employee or agent of the

defendant Belton Duncan d/b/a Delta Tree Service or was on or about any business of Belton Duncan d/b/a Delta Tree Service at the time of the accident."

Duncan's motion for summary judgment asserts that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Duncan's deposition and affidavit filed in support of the motion state that "Kirk had permission to drive Duncan's vehicle, but only during working hours," "Kirk [was] not working on the date of the accident," "the only time Duncan ever gave Kirk permission to use the vehicle outside of working hours was if they were doing a private job," "on the date of the accident, there was no type of private work being done," "Duncan had no knowledge that Kirk was using the truck on the date of the accident until after the accident and had never given Kirk permission to be driving the truck on that date," and "on the date of the accident, Kirk was not on or about any business of Duncan and was not acting on Duncan's behalf in furtherance of any of his business."

In opposition to the motion, the plaintiff submitted two affidavits in which the affiants state, "I have personal knowledge that Jerry Kirk had permission from Belton Duncan to use his employer's equipment on the weekends and during other off duty hours." The plaintiff also filed another affidavit in which the affiant made the above statement and added, "working on weekends using equipment."

The record shows that Duncan was a resident of Missouri and provided "tree services" for several electric transmission companies, including Pickwick Electric Cooperative, Gibson County Electric Cooperative, and Arkansas Power and Light Company; that the deceased Kirk was the foreman of a crew working on a contract with Pickwick Electric Cooperative at the time of the accident; that the crew regularly worked on the Pickwick job four days a week; and that the crew worked on "private jobs" when available after regular working hours and on days off.  The record further shows that Kirk was in charge of Duncan's vehicles and equipment, that he selected a place where the vehicles were kept when not in use and that Kirk was authorized to make preliminary contacts for "private work."  The record does not show the time (day or night) at which the accident occurred or the purpose of the trip.

**II**

The standard for review of a trial court's grant of summary judgment is de novo with no presumption of correctness. Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).  Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.03.

> [S]ummary judgment is appropriate where:  (1)
> there is no genuine issue with regard to the

-4-

material facts relevant to the claim or defense contained in the motion, <u>Byrd v. Hall</u>, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. <u>Anderson v. Standard Register Co.</u>, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. <u>Downen v. Allstate Ins. Co.</u>, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. <u>Byrd</u>, 847 S.W.2d at 215.

. . . Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. <u>Byrd</u>, 847 S.W.2d at 210-211. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. <u>Id.</u>

<u>Bain v. Wells</u>, 936 S.W.2d 618, 622 (Tenn. 1997).

## III

The plaintiff insists that summary judgment does not lie in this case for two reasons: in an action for injury to persons and/or property caused by the negligent operation or use of an automobile, proof of ownership of the vehicle pursuant to Tenn. Code Ann. § 55-10-311 (1993)[1] constitutes evidence of a master-

---

[1]Tenn. Code Ann. § 55-10-311 (1993) provides as follows:

(a) In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile ... within this state, proof of ownership of such vehicle shall be prima facie

servant relationship sufficient to withstand a motion for summary judgment; and, in the alternative, the evidence considered on the motion for summary judgment creates a genuine issue with regard to the relationship between Kirk and Duncan at the time of the accident.

Duncan responds that the "presumption" which arises pursuant to Tenn. Code Ann. § 55-10-311 upon proof of ownership was rebutted by evidence that Kirk was not operating Duncan's vehicle within the course and scope of his employment.

The statute provides that proof of ownership is *prima facie* <u>evidence</u> that the vehicle was being operated with the consent of the owner by the owner's servant within the course and scope of the servant's employment.

In <u>Hamrick v. Spring City Motor Co.</u>, 708 S.W.2d 383 (Tenn. 1986), the Court noted that since proof of ownership under the 1957 amendment to Tenn. Code Ann. § 55-10-311 is evidence of

<div style="margin-left:2em; font-size:smaller;">

evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent, and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and such proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment. . . .

(b) This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.

</div>

the master-servant relationship, rather than merely a presumption,[2] "a serious question is presented as to whether or not this *prima facie* case can be overcome pre-trial by motion for summary judgment. Id. at 387. In that case, the Court stated:

> [S]ummary judgment proceedings do not involve findings of fact or weighing of evidence. They were not designed to match statutory "*prima facie*" cases against rebutting proof or to determine whether a party has carried the requisite burden of proof. They are merely to dispose of legal questions upon undisputed facts.

Id. at 388. And further:

> [S]ummary judgment is not ordinarily the proper procedure for determining whether a *prima facie* case has or has not been overcome by countervailing evidence.

Id. at 389. The Court discussed in that case the application of Tenn. Code Ann. § 55-10-311 to motions for directed verdicts[3] as well as motions for summary judgment and observed that the denial of a motion for summary judgment does not mean that the case must be submitted to the jury.

---

[2] When enacted in 1921, the statute provided that proof of ownership of a vehicle was "*prima facie* evidence, and rais[ed] a presumption" that the vehicle was driven with the consent of the owner. 1921 Tenn. Pub. Acts ch. 162. In 1957, the statute was amended by adding the provision that "proof of ownership . . . shall be *prima facie* evidence" that the vehicle was "being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of his employment." 1957 Tenn. Pub. Acts ch. 123.

[3] See also Haggard v. Jim Clayton Motors, Inc., 216 Tenn. 625, 393 S.W.2d 292 (1965) (found judgment that trial court should have directed verdicts for the defendant to be error).

> The overruling of a motion for summary judgment does not necessarily mean that the case will go to a jury at a trial, because the evidence adduced at trial may be significantly different from that contained in affidavits or depositions heard pre-trial on summary judgment proceedings. All that the overruling of a motion for summary judgment indicates is that the case should proceed further. Whether it will ever go to a jury or whether it will be disposed of on directed verdict pursuant to Rule 50, Tenn. R. Civ. P., depends upon the record developed at trial.

Id. at 388 (citations omitted).

The Court in Hamrick stopped short of holding that proof of ownership will defeat a motion for summary judgment in every case, stating, "There may be some instances where summary disposition could be warranted." Id. at 389. However, the record in the case before the Court does not show this to be a case in which summary judgment is warranted. The evidence does not show the purpose of the trip on which the owner's employee was driving the owner's vehicle. Kirk had Duncan's expressed permission to operate the vehicle during work, travelling to and from work, and transporting other employees to and from work. The prohibitions on the use of the vehicle stated by Duncan in his deposition and affidavit do not necessarily proscribe Kirk's operation of the truck at the time of the accident in the course and scope of his employment. For example, Kirk was authorized by Duncan to make preliminary arrangements regarding "private work." The working arrangement between Duncan and Kirk indicate that Kirk had duties beyond the performance of the contracts with Duncan's customers.

Kirk was obligated to keep the chain saws and other equipment in operating condition, he was required to find convenient locations at which to park the vehicles, and he was responsible for seeing that his crew was available for work.  In summary, he was responsible for all the duties incident to his job as foreman for an absentee owner.  As to those duties, Kirk had at least implicit permission to use the pickup truck.  The "agency relationship does not require an explicit agreement, contract, or understanding between the parties."  Harben v. Hutton, 739 S.W.2d 602, 606 (Tenn. Ct. App. 1987) (citing Electric Power Bd. of Metr. Gov't. v. Woods, 558 S.W.2d 821, 824 (Tenn. 1977).  The evidence presented on the motion for summary judgment is not conclusive proof that Kirk was not acting within the course and scope of his employment at the time of the accident.

**IV**

The judgments of the trial court and Court of Appeals are reversed, and the case is remanded to the trial court for further proceedings.

Costs are taxed to the defendant Belton Duncan.

_____
Reid, J.

Concur:

Anderson, C.J., Drowota, Birch,
  and Holder, JJ.