IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
NOVEMBER 5, 2001 Session

**VICKIE LEWIS**

**v.**

**OTIS CAMPBELL and ROBERT M. DINWIDDIE, JR.**

**An Appeal from the Circuit Court for Warren County**
**No. 464     Charles Haston, Judge**

---

**No. M2000-03092-COA-R3-CV - Filed August 7, 2002**

---

This case involves allegations of medical malpractice and misrepresentation. In September 1998, the plaintiff patient began visiting the office of the defendant physician for medical treatment. In February or March 1999, the patient discovered that the person treating her was not the defendant physician. In June 1999, the patient discovered that the person treating her was a pharmacist. In April 2000, the plaintiff patient filed a lawsuit against the physician and the pharmacist, asserting medical malpractice and misrepresentation. The trial court granted summary judgment to the defendants based on the one-year statute of limitations. The plaintiff now appeals. We affirm, finding that plaintiff had sufficient knowledge in February or March 1999 to put her on notice of her cause of action, and, consequently, her April 2000 lawsuit was barred by the statute of limitations.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Aubrey Harper and Billy K. Tollison, III, McMinnville, Tennessee, for the appellant, Vickie Lewis.

Daniel H. Rader, III, Cookeville, Tennessee, for the appellee, Otis Campbell.

Henry Hine, Franklin, Tennessee, for the appellee, Robert M. Dinwiddie, Jr.

**OPINION**

On September 22, 1998, Plaintiff/Appellant Vickie Lewis ("Lewis") made her first visit to the office of Defendant/Appellee Otis Campbell, M.D. ("Dr. Campbell"), for medical treatment. From the beginning, Lewis was treated by Defendant/Appellee Robert Dinwiddie ("Dinwiddie"), whom Lewis believed to be Dr. Campbell. Sometime after a February 9, 1999 office visit, Lewis

learned that Dinwiddie was not Dr. Campbell and found out that he was Dr. Campbell's assistant.[1] Lewis visited Dr. Campbell's medical office again on March 2 and March 24, 1999, and she again saw Dinwiddie. The March 24 visit was her last. In June 1999, Lewis went to Dr. Campbell's office and approached Dinwiddie and asked to see his license. At that time, Dinwiddie told her that he was not a doctor, nurse, or nurse practitioner, but that he was a licensed pharmacist.

On April 5, 2000, Lewis sued Dr. Campbell and Dinwiddie for medical negligence and misrepresentation. After Lewis's deposition was taken on August 15, 2000, both Dr. Campbell and Dinwiddie filed motions for summary judgment, based on the applicable one-year statute of limitations. *See* Tenn. Code Ann. §§ 28-3-104, 29-26-116. The motions were premised on Lewis's admission in her deposition that she discovered in February 1999 that she was not being treated by Dr. Campbell. Lewis acknowledged that, after this discovery, she visited Dinwiddie two more times, knowing that he was not Dr. Campbell. From this, the defendants argue that in February or March 1999, Lewis knew or should have known, through the exercise of reasonable diligence, about the basis for her claims of malpractice and misrepresentation. This was more than one year prior to April 5, 2000, the date on which she filed suit. On November 3, 2000, the trial court entered an order granting the defendants' motions for summary judgment on the basis of the statute of limitations. Lewis now appeals.

On appeal, Lewis argues that the trial court improperly determined as a matter of fact that she should have known that Dinwiddie was not a physician as early as February or March of 1999. She argues that the issue of whether she exercised reasonable diligence in determining Dinwiddie's true status as a licensed pharmacist is a question that should have been left to the jury. Lewis also argues that the trial court erred in viewing the evidence in a light most favorable to the defendants, rather than in a light most favorable to her. She claims that if the trial court had construed the facts in her favor, it would have concluded that she did not discover that Dinwiddie was not a medical doctor until June 1999.

We review the trial court's grant of summary judgment de novo with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

---

[1]Lewis discovered that Dinwiddie was not Dr. Campbell when she was told that Dr. Campbell is a black man. Dinwiddie is white.

It is undisputed that the statute of limitations in a medical malpractice action is one year.[2] Tenn. Code Ann. § 29-26-116(a)(1). The cause of action accrues, and the limitations period begins to run, when the plaintiff discovers the injury or when the plaintiff, through reasonable diligence, should have discovered (1) the occasion, manner, and means by which the breach of duty occurred, and (2) the identity of the defendant that breached the duty. *See Stanbury v. Bacardi*, 953 S.W.2d 671, 676-77 (Tenn. 1997). In *Stanbury*, the Tennessee Supreme Court explained:

> We emphasize that under the discovery rule, the statute begins to run when the plaintiff knows or in the exercise of reasonable care and diligence should know, that an injury has been sustained. It is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial. Again, a plaintiff need not "actually know that the injury constitutes a breach of the appropriate legal standard in order to discover that he has a 'right of action.' "

*Id.* at 678 (quoting *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994)). Thus, the "plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Id.* at 677 (quoting *Roe*, 875 S.W.2d at 657).

Lewis first argues that summary judgment was inappropriate because there was a disputed issue of material fact with respect to whether she should have discovered that Dinwiddie was not a physician in February or March 1999. She acknowledges that, in February or March 1999, she knew that Dinwiddie was not Dr. Campbell. However, she claims that she assumed that Dinwiddie was a nurse or a nurse practitioner and did not know that he was a pharmacist until June 1999 when she confronted him directly.

In response, the defendants maintain that the undisputed facts compel the conclusion that Lewis was aware of facts sufficient to put a reasonable person on notice that she was being treated by a non-physician. They cite to Lewis's deposition, in which she testified that she became suspicious that Dinwiddie was not a physician in February 1999:

> Q. What made you first suspicious that Mr. Dinwiddie was not a medical doctor?
>
> A. When I found out that they were calling him Rob.
>
> Q. When was that – it had to be in March of '99 or February?
>
> A. It was somewhere around there. And he began to act like he didn't know what he was doing.

---

[2]Though it appears that a one-year statute of limitation would also apply to Lewis's claim of misrepresentation, see Tennessee Code Annotated § 28-3-204, Lewis does not focus that theory of recovery in this appeal. Therefore, we will address the statute of limitations issue only as it relates to Lewis's medical malpractice claim.

Q. Is that when he took you off Prozac in [sic] February 9th?

A. February 9th.

Lewis testified that she was "shocked" to learn in February 1999 that the person who had been treating her was not Dr. Campbell. Based on this testimony, the defendants argue, Lewis's cause of action began to accrue in February or March 1999.

Lewis's complaint alleges that Dinwiddie committed malpractice by "exceeding the scope of his professional license and breaching his duty to Ms. Lewis by not informing her that he could not treat her and prescribe medication but could only fill prescriptions." As to Dr. Campbell, the complaint alleges that he "breached the duty of care he owed to Ms. Lewis by employing Defendant Dinwiddie, a pharmacist, to treat and prescribe medication for Ms. Lewis." Therefore, Lewis's cause of action accrued when she knew, or in the exercise of reasonable care and diligence should have known, that she was being treated by a non-physician. As in *Stanbury*, "[i]t is knowledge of facts sufficient to put a plaintiff on notice that an injury has been sustained which is crucial." *Stanbury*, 953 S.W.2d at 678. In her deposition testimony, Lewis asserts that, in February 1999, she was "shocked" to learn that Dinwiddie was not Dr. Campbell and was suspicious that Dinwiddie was not a physician. At that time, Lewis was on notice of facts that would have prompted a reasonable person to determine whether Dinwiddie was a physician. Indeed, she had adequate opportunity to make such inquiries at her last two office visits in March 1999. Under these circumstances, we must conclude that Lewis's cause of action against Dinwiddie and Dr. Campbell accrued no later than March 1999. Therefore, her lawsuit, filed in April 2000, was barred by the one-year statute of limitations. Consequently, the trial court did not err in granting the defendants' motion for summary judgment.

The decision of the trial court is affirmed. Costs are to be taxed to the appellant, Vickie Lewis, and her surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE