IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2001 Session

## DOUGLAS O'CONNELL v. YOUNG MENS CHRISTIAN ASSOCIATION OF MIDDLE TENNESSEE

Appeal from the Circuit Court for Davidson County
No. 99C-2294     Carol L. Soloman, Judge

No. M2000-02099-COA-R3-CV - Filed April 17, 2002

This is a breach of contract case. The plaintiff entered into an agreement to become a member of the defendant health club. The plaintiff became dissatisfied with the the health club and regularly voiced his complaints to the management. Despite the actions of the health club's managers, the plaintiff's complaints continued. Eventually, the plaintiff was told that his membership with the health club was being terminated. The plaintiff filed a lawsuit alleging breach of contract and seeking compensatory and punitive damages as well as injunctive relief. On the defendant's motion for summary judgment, the trial court held that the parties' contract was terminable at will and granted the health club's motion. Subsequently, the plaintiff filed a motion for the trial judge to recuse himself. The case was reassigned and the reassigned trial judge heard the plaintiff's motion to alter or amend the prior order granting summary judgment. The plaintiff's motion to alter or amend was denied. We affirm, finding that the contract was terminable at will.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Douglas O'Connell, Nashville, Tennessee, Pro Se.

Joseph Allen Kelly and Angela Childress, Nashville, Tennessee, for the Appellee Young Mens Christian Association of Middle Tennessee.

**OPINION**

This is a breach of contract case. In August 1988, Plaintiff/Appellant Douglas O'Connell ("O'Connell") entered into an agreement with the Defendant/Appellee Young Men's Christian Association of Middle Tennessee ("YMCA"). The agreement provided that O'Connell would have use of all facilities and programs of the YMCA in return for paying a monthly fee. O'Connell

alleges that the YMCA facilities were kept in an unsafe and unsanitary condition and that he regularly voiced complaints about the condition of the facilities to the YMCA director, Cathy Clark ("Clark").[1] In response to these complaints, Clark told O'Connell that she would look into his complaints and take corrective action. O'Connell alleges that corrective action was never taken and that he renewed his complaints with YMCA senior officials, including the vice-president of operations, Bob Ecland, and its president and registered agent, Clark Baker. Again, no corrective action was taken and O'Connell continued making complaints. On August 25, 1993 Clark gave O'Connell a letter terminating his membership with the YMCA. The letter states:

> It has come to my attention, that as recently as Friday August 20, that you are still not pleased with the policies, procedures, or staff (namely myself, and K.C.) here at the East YMCA...

> Since your continued discontent has been made very evident, I see no other option than for you to find a place that better meets your needs. Enclosed, you will find a cheque in the amount of $46.00. This amount reflects the current joining fee, and one months dues for a senior adult.

Thus, O'Connell's membership with the YMCA was terminated and his initial joining fee and August payment was refunded. Despite this, O'Connell continued to use the YMCA facilities. On September 1, 1993, O'Connell was told by District Director Tom Looby that he was no longer a member and that if he came back again, legal action would be taken. O'Connell then ceased using the YMCA facilities.

In August 1999, O'Connell filed a lawsuit against the YMCA alleging breach of contract and seeking compensatory and punitive damages as well as injunctive relief. Thereafter, the YMCA filed a motion for summary judgment, and memorandum of law in support of the motion. The YMCA argued that the parties' agreement allowed either side to terminate the agreement "at will" and, therefore, the YMCA was entitled to judgment as a matter of law. On May 12, 2000 the trial judge, Judge Thomas Brothers, granted the YMCA's summary judgment motion.

On May 25, 2000 O'Connell filed a motion with the trial court asking that Judge Brothers recuse himself because a relative of Judge Brothers was a member of the YMCA Board of Directors. O'Connell also moved to have Judge Brothers vacate his previous order granting summary judgment to the YMCA. Judge Brothers granted O'Connell's Motion to Recuse and the case was reassigned to Judge Carol Soloman for determination on whether Judge Brothers' order granting summary judgment should stand. Judge Soloman treated O'Connell's motion as a motion to alter or amend Judge Brothers' prior order granting summary judgment. After reviewing the record and hearing

---

[1] These complaints included a life guard being on duty with a broken arm in a cast, an extension cord to a fan left lying on a wet floor in the locker room, and the shower room floor not being cleaned for weeks at a time.

arguments from both parties, Judge Soloman denied O'Connell's motion to alter or amend. From this order denying his motion, O'Connell now appeals.

On appeal, O'Connell argues that there were genuine factual issues which should have precluded summary judgment. A motion for summary judgment should be granted only when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

On appeal, O'Connell argues that the contract was not an "at will" contract but, rather, the contract was "perpetual" in that the YMCA was required to allow him to continue using the facilities so long as he continued to abide by the terms of the agreement. In support of his argument, O'Connell cites the Tennessee Nonprofit Corporation Act, which provides:

> Unless the [nonprofit corporation's] charter provides for the removal of a member and termination of a membership without cause, no member may be expelled or suspended, and no membership or memberships may be terminated or suspended except pursuant to a procedure which is fair and reasonable and is carried out in good faith.

Tenn. Code Ann. § 48-56-302(a) (1995). It is undisputed that the YMCA's charter does not provide for the removal of a "member" without cause. On this basis, O'Connell argues that the YMCA, as a nonprofit corporation, cannot terminate his membership without first providing a fair and reasonable procedure as provided in the statute.

The Tennessee Nonprofit Corporation Act is not applicable to O'Connell. In defining the term "member", the Act provides:

> "Member" means (without regard to what a person is called in the charter or bylaws) any person or persons who on more than one (1) occasion, pursuant to a provision of a corporation's charter or bylaws, have the right to vote for the election of a director or directors[.]

Tenn. Code Ann. § 48-51-201(21)(A). Thus, the Act was intended to apply to those "members" whose voting rights were provided for in the corporation's charter, and is not applicable to O'Connell.

In this case, O'Connell's rights to continue using the facilities were governed by the terms of the agreement between the parties. The contract was clearly an "at-will" agreement to permit O'Connell to use the facilities and other programs of the YMCA. Either side could terminate the agreement with or without cause at any time. Therefore, Judge Brothers did not err in granting summary judgment. Likewise, Judge Soloman did not err in declining to grant O'Connell's motion to alter or amend Judge Brothers' previous order granting summary judgment.

The decision of the trial is affirmed. Costs are taxed to the appellant, Douglas O'Connell, and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE