IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 12, 2001 Session

**KENNETH L. WARREN**
**v.**
**COLUMBIA/HCA HEALTHCARE CORPORATION, HTI MEMORIAL
HOSPITAL CORPORATION, NASHVILLE MEMORIAL
HOSPITAL, COLUMBIA NASHVILLE MEMORIAL HOSPITAL,
COLUMBIA/HCA NASHVILLE MEMORIAL HOSPITAL,
RONALD LAWRENCE, AND JERRY CORR**

**Appeal from the Circuit Court for Davidson County**
**No. 99C-1995     Barbara N. Haynes, Judge**

---

**No. M2000-02579-COA-R3-CV - Filed April 15, 2002**

---

This is a malicious prosecution case. The defendants obtained a warrant against the plaintiff after observing a man matching the plaintiff's description attempting to break into a car on the defendants' property. After a jury trial, the plaintiff was found not guilty. Subsequently, the plaintiff instituted a lawsuit against the defendants for malicious prosecution. The trial court granted the defendants' motion for summary judgment and the plaintiff now appeals. We affirm, finding that the defendants acted with probable cause and without malice in obtaining the warrant.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Gary D. Copas, Nashville, Tennessee, for the appellant, Kenneth L. Warren.

Alfred H. Knight, Nashville, Tennessee, for the appellees, Columbia/HCA Healthcare Corporation, HTI Memorial Hospital Corporation, Nashville Memorial Hospital, Columbia Nashville Memorial Hospital, Columbia/HCA Nashville Memorial Hospital, Ronald Lawrence, and Jerry Corr.

**OPINION**

This is a malicious prosecution case. Plaintiff/Appellant Kenneth L. Warren ("Warren") was charged with criminal attempt and criminal trespass stemming from the attempted break-in of a parked car. Defendants/Appellees Ronald Lawrence ("Lawrence") and Jerry Corr ("Corr") were

eyewitnesses to the attempted break-in. Lawrence and Corr were employed by Defendant/Appellee HTI Nashville Memorial Hospital, d/b/a Nashville Memorial Hospital ("Memorial Hospital).[1]

On January 28, 1997, Lawrence and Corr heard the sound of a car alarm coming from a parking lot adjacent to Memorial Hospital. Lawrence looked in the direction of the car alarm and saw a man standing next to a Chevy Suburban. Lawrence and Corr then saw the man walk away from the Suburban and get into a primer-coated Plymouth Duster. The man in the Plymouth Duster attempted to leave the parking area and Lawrence told Corr to get the man's license plate number. Corr got into his truck and pursued the Duster through the hospital's parking lot. As the Duster was attempting to leave the parking area, the two vehicles came face to face, so Corr saw the suspect's face from a distance of approximately 30 feet. Eventually, Corr was able to get close enough to the Duster to write down the license plate number. Corr and Lawrence later observed damage to the door lock of the Suburban, which belonged to another Hospital employee, Kathy Hall. Hospital security then notified the Metropolitan Police Department and provided them with a description of the suspect and the license plate number. The suspect was described by Lawrence and Corr as white, approximately fifty years old, six-feet tall, with salt-and-pepper gray hair and a full beard.

Metropolitan Police Detective Grady Elam was assigned to investigate the incident. Elam first ran a search of the license place number and discovered the license plate was registered to Kenneth Leo Warren. Detective Elam's search of that name in the police department's computer database yielded Plaintiff Warren's photograph.[2] The photograph matched the description of the suspect provided by Lawrence and Corr. Detective Elam then composed a photographic line-up consisting of Plaintiff Warren and five other individuals matching the description of the suspect. Detective Elam presented to Corr and Lawrence the photographic line-up. Corr initially identified the photograph of Warren as being the man he had witnessed attempting to break into the car. However, Lawrence felt that the suspect's hair was longer than Warren's hair in his photo. Both men then identified a second photograph of a man who also resembled the suspect but had longer hair than Warren. Detective Elam testified that the two men could not positively identify which one of the two photos matched the suspect.

Lawrence later reported the incident to Memorial Hospital's Chief Financial Officer, Bob Domwoody. Domwoody told Lawrence to take out a warrant against Warren for criminal trespass. Lawrence and Corr filed a warrant against Warren for criminal trespass. Kathy Hall filed her own warrant against Warren for criminal attempt. Detective Elam then went to Warren's residence and

---

[1]In filing the lawsuit, the plaintiff named as defendants Columbia/HCA Healthcare Corporation, HTI Memorial Hospital Corporation, Nashville Memorial Hospital, Columbia Nashville Memorial Hospital, and Columbia/HCA Nashville Memorial Hospital. The reason for this is not apparent from the record. Apparently Memorial Hospital is the appropriate defendant.

[2]The license plate was actually registered to the Plaintiff's son of the same name. Thus, it was somewhat accidental that the computer search of that name yielded Plaintiff Warren's photograph. Nevertheless, the evidence shows that the son lived with the Plaintiff at the time of the attempted break-in and the Plaintiff had access to the Duster.

placed him under arrest. Corr later testified at Warren's preliminary hearing. The judge bound the case over to the grand jury which returned indictments on both counts. Both Corr and Lawrence testified at the jury trial in which Warren was ultimately acquitted.

After his acquittal, Warren filed a lawsuit against Corr, Lawrence, and Memorial Hospital (collectively, "Defendants") for malicious prosecution, alleging that "[t]he Defendants acted with malice and without probable cause in starting or causing to be started"criminal proceedings against Warren. The Defendants moved for summary judgment, asserting that probable cause to prosecute Warren had been found at three separate judicial hearings and, additionally, that Warren had failed to prove that the Defendants acted "out of malice or any other improper purpose." Corr and Lawrence submitted affidavits in which they described the circumstances which caused them to seek the warrant. The trial court granted the Defendants' motion for summary judgment. This appeal followed.

On appeal, Warren asserts that the Defendants had not positively identified Warren as the suspect at the time they caused the warrant to be issued. Warren argues that the lack of positive identification creates a factual dispute as to whether the Defendants had probable cause and, thus, summary judgment was improperly granted.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.*

Summary judgment is appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

In order to recover for malicious prosecution, the plaintiff must show that a criminal proceeding was instituted against him and was ultimately resolved in his favor, that the accuser lacked probable cause in instituting the criminal proceeding, and that the accuser was motivated by "malice or a primary purpose other than that of bringing the offender to justice." *Sullivan v. Young*, 678 S.W.2d 906, 911 (Tenn. Ct. App. 1984). Probable cause exists where the "facts and circumstances are sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged." *Roberts v. Federal Express Corp.*, 842 S.W.2d 246, 248 (Tenn. 1992) (quoting *Logan v. Kuhn's Big K Corp.*, 676 S.W.2d 948, 951 (Tenn. 1984). The reasonableness of the defendant's actions in initiating the criminal proceeding is a factual determination to be made by a jury. *See*

***Roberts***, 842 S.W.2d at 249. Thus, summary judgment should not be granted where reasonable minds could come to different conclusions on the existence of probable cause. ***See id.***

Warren's argument on appeal centers on the fact that Corr and Lawrence were not able to positively identify him as the suspect from the photographic lineup presented by Detective Elam. From this, Warren argues that a jury could reasonably find that the Defendants acted without probable cause in filing the warrant against Warren.

At the time they filed the warrant against Warren, the facts and circumstances known to Corr and Lawrence were: (1) the physical description of the suspect matched that of Warren; (2) they had identified Warren and one other individual as the possible suspects during the photographic line-up; (3) neither Corr nor Lawrence knew Warren or had ever seen Warren prior to the attempted break-in; and (4) the license plate number on the suspect's car was registered in the name of Kenneth L. Warren. The record includes no evidence of additional facts and circumstances of which Corr and Lawrence were or should have been aware that would have caused a reasonable person to conclude that Warren was not guilty of the acts alleged in the warrant. From these undisputed facts, we find that a reasonable jury could only conclude that the Defendants acted with probable cause. In addition, Warren failed to adduce any evidence that the Defendants acted with malice in obtaining the warrant. Thus, the Defendants failed to establish two essential elements of a claim for malicious prosecution, and the trial court did not err in granting the Defendants' motion for summary judgment.

The judgment of the trial court is affirmed. Costs are taxed to the appellant Kenneth Warren and his surety for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

-4-