IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 20, 2004 Session

## STEVEN R. OUZTS v. MICHAEL L. WOMACK, VICTORIA A. RAUB, FRANK DONATO, REMAX-ELITE, STEVEN BOYSEN, CRYE-LEIKE, INC., AND MCANALLY INSPECTION SERVICE, INC.

Appeal from the Chancery Court for Shelby County
No. CH-02-1430-1     Walter L. Evans, Chancellor

---

No. W2003-01502-COA-R3-CV - Filed October 4, 2004

---

This case involves alleged fraud in the sale of real estate. The sellers completed a residential disclosure statement indicating that the subject property had no flooding problems. The sellers then bargained to include language in the deed disavowing any previous representations concerning the property's condition. The buyer accepted these terms. After the buyer took possession, the property flooded. The buyer filed suit against the sellers, alleging fraudulent concealment and misrepresentation. The sellers filed a motion for summary judgment, which was granted. We affirm, holding that the buyers are bound by the unambiguous terms of the contract for sale and the deed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Stephen H. Biller, Memphis, for the appellant Steven R. Ouzts.

Richard Glassman and Tameka Turner-Perry, Memphis, for the appellees Michael L. Womack and Victoria A. Raub.

**OPINION**

In April 2000, Defendants/Appellees Michael L. Womack ("Womack") and Victoria A. Raub ("Raub"), husband and wife, listed their residence at 516 St. Nick Drive, Memphis, Tennessee ("the Property") for sale. At that time, Womack and Raub completed a residential disclosure statement, which indicated in part that the property was not subject to flooding. Plaintiff/Appellant Steven R. Ouzts ("Ouzts") became interested in purchasing the Property, but was concerned that it might be subject to flooding. His real estate agent inquired about flooding, and the sellers' agent responded that they had not experienced any flooding problems.

Ouzts made an offer to purchase the Property. Womack and Raub counter-offered, adding the condition that after closing they would "have no further obligation or responsibility to [Ouzts] for the condition of the Property" and that the deed would contain language to that effect. The counter-offer recited the language to appear in the deed:

> Notwithstanding anything to the contrary contained in this deed, it is understood and agreed that the Property is being conveyed without any representation or warranty of any kind by Grantor except as expressly set forth herein. Grantor has not made and does not hereby make (except as expressly set forth herein) any representations or warranties of any kind or character whatsoever, express or implied, with respect to the property, its condition (environmental or otherwise), uses or fitness for any particular purpose, and Grantor hereby disclaims and renounces any such representation or warranty and by Grantee accepting the Property, Grantor is forever discharged therefrom.

The counter-offer noted that these provisions "shall survive the closing and be binding upon the parties, their successors, successors in title, heirs and assigns." Ouzts reviewed the counter-offer and accepted it on June 14, 2000. On July 28, 2000, Womack and Raub executed a Special Warranty Deed containing the exculpatory language set forth in the contract for sale.

On August 12, 2002, the Property purchased from Womack and Raub was damaged by significant flooding. On July 26, 2002, Ouzts filed a lawsuit against Womack and Raub, as well as the listing agent and agency for the Property.[1] In the lawsuit, Ouzts asserted that Womack and Raub were aware that the Property was subject to flooding, but fraudulently concealed this fact and made material misrepresentations by failing to disclose the flooding problem on the residential disclosure statement. Ouzts sought rescission of the contract, as well as compensatory and punitive damages.

Womack and Raub filed motions for summary judgment, arguing that the exculpatory language of the contract and deed shielded them from a lawsuit arising out of the condition of the Property, and additionally that the statute of limitations had run on Ouzts' claim. The trial court granted the motion for summary judgment, noting, "there is specific language in the warranty deed which is a part of the transferring document, which clearly states that the defendants did not make any representations as to any of the conditions [of] which the plaintiff is complaining." The trial court concluded, "[I]t doesn't appear as though the Court can perceive any basis upon which the plaintiff could succeed in an action against these defendants." The trial court did not rule on the statute of limitations defense. From that order, Ouzts now appeals.[2]

---

[1]Ouzts later amended the complaint to add his own real estate agent, Steven Boysen, and his agency, Crye-Leike, Inc., and McAnally Inspection Service, Inc.

[2]The trial court made the judgment final as to Womack and Raub under Tennessee Rule of Civil Procedure 54.02.

On appeal, Ouzts argues that there are genuine issues of material fact as to whether Womack and Raub knew that the Property had a flooding problem. Ouzts asserts that this disputed fact is material because the representations in the residential disclosure statement and by the sellers' agent that the Property was not subject to flooding induced him into accepting the exculpatory language in the contract for sale and the Special Warranty Deed. Therefore, Ouzts maintains that the trial court erred in granting the motion for summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

It is well settled that "exculpatory clauses are valid in Tennessee and are not against the public policy of this state." *Burks v. Belz-Wilson Props.*, 958 S.W.2d 773, 776 (Tenn. Ct. App. 1997). Under the common law of contracts, such clauses must be interpreted and enforced according to their plain terms. *Warren v. Metropolitan Gov't of Nashville & Davidson County*, 955 S.W.2d 618, 622 (Tenn. App. 1997). The application of rules of construction of contracts is not necessary "[w]hen clear contract language reveals the intent of the parties." *Id.* Contract language is considered unambiguous unless "it is of uncertain meaning and may fairly be understood in more ways than one." *Id.* When a contract is plain and unambiguous, its meaning is purely a question of law. *Id.*

It is undisputed that the question of whether to insert this language was a significant issue in the negotiations on the contract for sale. In this case, the language in the Special Warranty Deed is clear and unambiguous: "Grantor has not made and does not hereby make (except as expressly set forth herein) any representations or warranties of any kind . . . with respect to the property, its condition (environmental or otherwise), uses or fitness for any particular purpose." Indeed, the language in the Special Warranty Deed goes a step further, disclaiming and renouncing any previous representations made by Womack and Raub: "Grantor hereby disclaims and renounces any such representation or warranty and by Grantee accepting the Property, Grantor is forever discharged therefrom." It was a major component of the contract negotiations. Under these circumstances, Ouzts' assertion that he based his acceptance of the exculpatory language upon representations made by Womack and Raub is unreasonable. Thus, even assuming that Womack and Raub knowingly misrepresented the Property's susceptibility to flooding, this would not be a material fact. Because there are no genuine issues of material fact, the trial court's grant of summary judgment to Womack and Raub was not error.

In this appeal, Womack and Raub seek an award of sanctions against Ouzts and his legal counsel under Rule 11 of the Tennessee Rules of Civil Procedure for a frivolous appeal. We decline to do so.

The decision of the trial court is affirmed. Costs of this appeal are taxed against the appellant Steven R. Ouzts and his surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE