# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### August 19, 2008 Session

## PATTY BROWN v. CHESTER COUNTY SCHOOL DISTRICT

**An Appeal from the Circuit Court for Chester County**
**No. 05-4533     Donald H. Allen, Judge**

---

**No. W2008-00035-COA-R3-CV - Filed December 30, 2008**

---

This is a premises liability case against the county. The plaintiff attended a football game at a county high school. She fell on the steps leading to the bleachers in the football stadium and suffered back injuries. She claimed that the step on which she fell was dented prior to her fall, and that this caused her fall. The plaintiff filed this action against the school district, alleging that it was negligent in failing to correct a dangerous condition or in failing to warn her about the dangerous condition on the school district's property. The school district filed a motion for summary judgment, asserting that there was no genuine issue of material fact regarding the school district's actual or constructive notice of the defective condition. Alternatively, it claimed that the school district was immune from suit under the GTLA. The trial court agreed with the school district and granted summary judgment based on both grounds. The plaintiff now appeals. We reverse and remand, concluding that the plaintiff submitted sufficient evidence to create a genuine issue of material fact on the issue of whether the school district had actual or constructive notice of a dangerous or defective condition, and that the school district is not immune from suit under the GTLA.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Danny R. Ellis, Jackson, Tennessee, for the plaintiff/appellant, Patty Brown.

Jennifer K. Craig and Matt S. Shepherd, Jackson, Tennessee, for the defendant/appellee, Chester County School District.

## OPINION

On August 20, 2004, Plaintiff/Appellant Patty Brown ("Brown") attended a high school football jamboree at Chester County High School. It had been raining for some time before the game. Brown sat on what is traditionally designated as the "visitor's side" bleachers in the football stadium. These bleachers had a six-step staircase leading to the seating area. Brown fell and injured

her back as she was walking down the steps. After she fell, Brown looked and saw that the step on which she slipped had a "dip" or a "bow" in it. Brown received medical treatment for back injuries.

On August 8, 2005, Brown filed this lawsuit against the Chester County School District ("School Board") under the Governmental Tort Liability Act ("GTLA"), Tennessee Code Annotated § 29-20-101, *et seq.* In her lawsuit, Brown asserted that the School Board was negligent in failing to discover and correct a dangerous and hazardous condition or, in the alternative, in failing to warn Brown of the dangerous condition. She alleged that the dangerous condition could have been discovered by a reasonable inspection.[1]

On May 10, 2007, the School Board filed a motion for summary judgment. It denied liability for Brown's injuries, claiming that it did not create the alleged dangerous condition, and that it did not have actual or constructive knowledge of the condition. The School Board further claimed that it was immune from liability for any failure to conduct an adequate inspection of the bleachers pursuant to GTLA § 29-20-205(4).

In response to the School Board's summary judgment motion, Brown filed the deposition testimony of the maintenance supervisor for the School Board, Jamie Canada ("Canada"), to show that the School Board had actual or constructive knowledge of the condition of the steps. In his deposition, Canada testified that he inspected the bleachers before the game, that he did not see a dent or bend in the step in question, and that the steps were in the same condition after the game as before the game. Brown also filed the deposition testimony of the principal of Chester County High School, Tony Kilzer ("Kilzer"), who testified that the school had a duty to maintain the premises. Kilzer said that the dented step was replaced over a year after the incident.

On October 12, 2007, the trial court heard argument on the summary judgment motion and took the matter under advisement. On October 17, 2007, Brown submitted an amended response to the School Board's motion, attaching photographs of the steps taken on October 14, 2004. On October 25, 2007, the trial court issued a letter ruling, stating its finding that Brown had submitted no evidence that there was a bend or dent in the step in question *prior* to Brown's fall and that, therefore, the School Board was entitled to summary judgment on the issue of actual or constructive notice. The trial court also concluded that, in any event, the School Board was immune from suit for making an inadequate or negligent inspection, pursuant to Tennessee Code Annotated § 29-20-205(4). On December 17, 2007, the trial court entered an order consistent with its letter ruling, granting the School Board's motion for summary judgment because (1) the School Board did not have actual or constructive notice of the alleged dangerous or defective condition, (2) the School Board did not create or cause the alleged dangerous or defective condition prior to the incident in question, and (3) the School Board retained governmental immunity for either a failure to make an inspection or a failure to make an adequate inspection, pursuant to Tennessee Code Annotated § 29-20-205(4). From this order, Brown now appeals.

We review the trial court's grant of summary judgment *de novo* with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is

---

[1]Brown filed an amended complaint on July 12, 2007, which was not materially different from the original.

appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. *Warren*, 954 S.W.2d at 723 (quoting *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

On appeal, Brown argues that she submitted sufficient evidence to create a genuine issue of material fact regarding whether the School Board had actual or constructive notice of the dangerous condition. In addition, she contends that the School Board is not immune from suit under Tennessee Code Annotated § 29-20-205(4). We address each issue in turn.

We first address Brown's argument regarding the School Board's actual or constructive notice of the dangerous condition. To sustain a claim for premises liability, a plaintiff must prove (1) that the dangerous or defective condition was caused or created by the owner, operator, or his agent, or (2) that the condition was created by a third party and the owner, operator, or agent had actual or constructive notice of the condition before the accident. *Martin v. Washmaster Auto Ctr.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996). The section of the GTLA which removes sovereign immunity for injuries caused by dangerous or defective structures essentially codifies this common-law obligation:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.
> (b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by [Tennessee Code Annotated] § 29-20-302 [repealed].

Tenn. Code Ann. § 29-20-204 (2000). Thus, the statute indicates that the School Board may be liable for injury caused by the defective condition if Brown can "allege and prove" that the School Board had constructive and/or actual notice of the alleged defective or dangerous condition that caused or contributed to Brown's injuries. Constructive knowledge is "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 15 (Tenn. 1997) (quoting *Kirby v. Macon County*, 892 S.W.2d 403, 409 (Tenn. 1994) (quoting BLACK'S LAW DICTIONARY, 1062 (6th ed. 1990))). "Applying that definition, a governmental entity will be charged with constructive notice of a fact or information, if the fact or information could have been discovered by reasonable diligence and the governmental entity had a duty to exercise reasonable diligence to inquire into the matter." *Id.*

Brown argues that material evidence shows that the School Board had actual notice of the dangerous or defective condition of the bleacher step before the jamboree, because maintenance supervisor Canada testified that he saw the steps before the game, and that the steps were the same after the game as before the game. Because the dent clearly existed after the game, Brown

maintains, the testimony that the same condition existed before the game shows that Canada had actual notice of the condition, though he did not consider it to be dangerous. Alternatively, Brown argues, Canada's testimony shows that he at least had constructive knowledge of the dangerous or defective condition, because he should have seen the dent in the step when he inspected the premises. His failure to perceive a problem with the step, she claims, was the result of a negligent inspection. Based on this evidence, Brown contends, a genuine issue of material fact exists for trial as to whether the School Board had actual or constructive notice of the dangerous condition before Brown fell.

In response, the School Board argues that Brown has submitted no proof that the dent existed *prior to* the accident. Brown admitted that she did not notice a dent in the step before she fell, even though she was looking "down and ahead" as she walked down the steps. Even if a dangerous or defective condition can be shown, the School Board argues, Brown has not demonstrated that the School Board had actual or constructive knowledge of this dangerous condition. They cite Canada's testimony that he walked every step before the game and did not see a dent in the step, even when he replaced the step a year after Brown's accident. Thus, the Board contends, there is no evidence of actual notice. Regarding constructive notice, the School Board argues that Brown cannot show that the School Board had an independent duty to inspect the football stadium. In the absence of a duty to inspect, the School Board asserts, the inspection of the football stadium by the maintenance department exceeded its obligations under the law. Furthermore, the School Board maintains, the fact that Canada did not see the dent in the step in question during the inspection does not equate to notice; at most, it shows that the alleged defect was not dangerous at all. Thus, the School Board asserts, the trial court property granted summary judgment in its favor.

In order to determine whether sufficient evidence exists to create a genuine issue of material fact on actual or constructive notice, we review the evidence that was presented to the trial court. In this case, the testimony presented consists of the depositions of Brown, Canada, and Kilzer. In addition, Brown submitted photographs of the steps taken several months after the accident.

In her deposition, Brown testified that she did not see a dip in the steps when she was walking on them. When she fell, she claimed, she turned and saw a "dip" or a "bow" in the second step. When asked whether it was possible that her fall caused the dent in the step, Brown said that it was not possible because she weighs only 103 pounds and her falling on the step could not have caused such a dent. Brown also testified that she had a conversation with school superintendent John Pipkin ("Pipkin") soon after her accident, and that she told Pipkin that she saw a dip in the step. She did not recall having a conversation with Principal Kilzer about the incident, nor did she recall telling anyone that the fall occurred because the steps were slippery.

Maintenance Supervisor Canada testified that he and his staff inspected the Chester County High School football stadium before the jamboree. One of his assigned tasks was to check the steps, make sure the bolts in the steps were in place, and ensure that everything was in good, safe working order. Canada said that he personally walked up and down the steps before the game, and he did not see the dent in the second step upon which Brown fell. He asserted that the steps looked the same before the jamboree as after the jamboree, and that he saw nothing wrong with the step that Brown

-4-

said caused her fall. Despite the fact that he believed that nothing was wrong with the step, Canada replaced it in accordance with the instructions of school superintendent Pipkin.

Principal Kilzer testified that the land on which the football stadium sits is owned by the School Board, and that the School Board is responsible for maintaining the property. He did not see Brown fall, but he was later told about it. The following week, Brown called him to inform him that she was injured on the steps of the stadium and indicated that the steps were slick. Kilzer claimed that, in their conversation, Brown did not refer to any damage to the step. The superintendent told Kilzer that the step on which she fell was bent. Kilzer was of the opinion that Brown's fall caused the dent. Kilzer said that the step was replaced in October 2005.

Viewing all of this evidence in the light most favorable to Brown, we must conclude that it is sufficient to create a genuine issue of material fact regarding whether the School Board had actual or constructive notice of the dangerous or defective condition, i.e., the dented step, that caused or contributed to Brown's injuries. The photographs of the step, submitted after the hearing and considered by the trial court, showed that the step was, indeed, dented. While the testimony is conflicting, Brown's testimony supports an inference that the dent in the step existed prior to the accident, and that her fall in and of itself did not cause the dent. Canada claimed that the step was not bent before the game, but he also testified that the step was in the same condition both before and after the football game. From all of this evidence, a reasonable trier of fact could infer that the step was bent before the game, even if Canada did not see it or saw it but did not perceive it to be a dangerous condition. Under these circumstances, a reasonable trier of fact could find that Canada had actual or constructive notice of the defective or dangerous condition from his inspection of the premises prior to Brown's fall. Under these circumstances, we must respectfully conclude that the trial court erred in granting summary judgment to the School Board based on the lack of evidence that the School Board had actual or constructive notice of the dent in the step prior to Brown's fall.

Brown also argues that the trial court erred in concluding that the School Board retained governmental immunity for any alleged failure to make an inspection or for making an inadequate inspection of the property. The statutory immunity provision at issue is Tennessee Code Annotated § 29-20-205(4), which provides:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment *except if the injury arises out of:*
> . . .
>> *(4) a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property . . . .*

Tenn. Code Ann. § 29-20-205(4) (2000) (emphasis added).

Citing *Hawks v. City of Westmoreland, supra*, Brown argues that the Tennessee Supreme Court has found government entities immune under this section only when the inspection took place on property not owned by the entity. *See Hawks*, 960 S.W.2d at 16. In *Hawks*, the plaintiffs suffered a fire at their residence. When the firefighters on the scene exhausted the water supply on

their truck and attempted to use two nearby fire hydrants to help douse the fire, the hydrants did not work. As a result, the plaintiffs' home was almost totally destroyed by fire. *Id.* at 12. The plaintiffs sued the city under the GLTA, Tennessee Code Annotated § 29-20-204, claiming that the city had a statutory duty to inspect the fire hydrants each year and failed to do so. The city argued that it was immune from suit based on Section 29-20-205(4), quoted above. The Supreme Court rejected the city's argument, holding that the governmental entity could be held liable under Section 29-20-204(b), despite the language in Section 29-20-205(4), if the entity has a duty to inspect the property. The Court reasoned:

> The City contends that basing the finding of constructive notice upon its failure to inspect the hydrants is error because governmental immunity is not waived for injuries arising "out of a failure to make an inspection, or by reason of making an inadequate or negligent inspection of any property." Tenn.Code Ann. § 29-20-205(4) (1980 Repl. & Supp. 1997). We disagree. ***Section 205(4) provides immunity from suit when a governmental entity negligently fails to discharge an existing duty to inspect property not owned by the City***, and thereafter, injuries arise from dangerous or defective conditions on such property which would have been discovered had the governmental entity conducted an adequate inspection. In evaluating whether a plaintiff may establish constructive notice under Section 204 by proof that a governmental entity failed to adequately discharge its duty to inspect, we are not bound by Section 205(4) which provides immunity from suit for injuries resulting from "a failure to make an inspection, or by reason of making an inadequate inspection." Any authority to the contrary is hereby overruled.
>
> Section 204, upon which the plaintiffs in this case rely, ***clearly provides that a governmental entity is subject to suit for injuries that result from a dangerous or defective condition existing on publicly owned and controlled property or improvements if the governmental entity has actual or constructive notice of the condition.*** Proof that a governmental entity failed to adequately inspect property or improvements which it owned and controlled is directly relevant to the question of whether it had constructive notice of the dangerous or defective condition resulting in injury. To hold as the City suggests, and preclude the plaintiffs from establishing constructive notice under Section 204(b) . . . would have the effect of requiring proof of actual notice in every case. Such an interpretation is contrary to the plain language of Section 204 which allows a recovery upon a showing of either actual or constructive notice. Therefore, basing the finding of constructive notice in this case upon the plaintiffs' proof that the City failed to inspect the fire hydrants is not error.

*Id.* at 16 (emphasis added; footnote omitted). Thus, the Court held that section 29-20-205(4), which does not waive governmental immunity for liability from negligent inspection, applies when the property at issue is not owned by the governmental entity and an inadequate inspection (or failure to conduct an inspection) causes injury. Section 29-20-204(b), on the other hand, applies when the property in question is owned and controlled by the governmental entity, and the governmental entity would have known of the dangerous or defective condition had it conducted an adequate inspection. *Id.*

*Hawks* is directly applicable to the case at bar. Here, material evidence shows that the School Board owned and controlled the property on which Brown was injured. "Proof that a governmental entity failed to adequately inspect property or improvements which it owned and controlled is directly relevant to the question of whether it had constructive notice of the dangerous or defective condition resulting in injury." *Id.* Under such circumstances, when a plaintiff is seeking recovery from the governmental entity that owns and controls the property pursuant to section 29-20-204(b), section 29-20-205(4) does not provide immunity from suit arising from "a failure to make an inspection, or by reason of making an inadequate inspection." Tenn. Code Ann. § 29-20-205(4). Therefore, we must respectfully conclude that the trial court erred in holding that the School Board was immune from suit pursuant to section 29-20-205(4) and in granting summary judgment on this basis.

The decision of the trial court is reversed and remanded. Costs on appeal are to be taxed to Appellee Chester County School District, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE