IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Brief March 20, 2003

**DONALD CURLEE**

v.

**STATE AUTO MUTUAL INSURANCE COMPANY**

**Appeal from the Circuit Court for Davidson County**
**No. 01C-2814     Marietta M. Shipley, Judge**

---

**No. M2002-01627-COA-R3-CV - Filed September 11, 2003**

---

This case involves the interpretation of a permit bond. The contractor and a surety entered into a permit bond relating to work the contractor was to perform for a metropolitan government. The bond was written in favor of the metropolitan government as well as property owners whose property was damaged due to the contractor's violation of certain metropolitan government codes. In the underlying lawsuit, a property owner was awarded a judgment against the contractor. In this lawsuit, the property owner sued the surety for failing to pay the judgment against the contractor. The trial court granted the surety's motion to dismiss, finding that there was no contractual relationship between the property owner and the surety on which a claim could be based, nor was the property owner a third-party beneficiary of the permit bond. The property owner appeals. We review the trial court's decision as a motion for summary judgment and affirm, finding that the record does not show that the property owner was among the parties protected under the language of the Bond.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

G. Kline Preston, IV, Nashville, Tennessee, for appellant, Donald Curlee.

Michael K. Smith, Nashville, Tennessee, for appellee, State Auto Mutual Insurance Company.

**OPINION**

Bob Burnette ("Burnette"), a contractor, apparently registered to perform work for the Metropolitan Government of Nashville and Davidson County, Tennessee ("Metropolitan Government"). Burnette was issued a permit bond ("Bond"), as the principal, by Defendant/Appellee State Auto Mutual Insurance Company ("State Insurance"), the surety, on September 11, 1996. The principal on the Bond was later changed from Burnette to A-1

Construction, Inc. ("A-1").[1]  The $40,000 Bond was written in favor of the Metropolitan Government and "for and on behalf of the owner(s) of property on which work is performed by the Principal pursuant to a permit issued under this bond."  The Bond recites that A-1 applied to be registered with the Metropolitan Government pursuant to certain sections of the Metropolitan Government Code of Laws ("Metropolitan Government Code").  It provides that the Bond would bind A-1 and State Insurance

> for any damage to property of the Metropolitan Government resulting from contractors of the Principal, such as but not limited to streets, roads, curbs, gutters, water, sewer and storm water drainage lines, sidewalks, alleys, traffic signs and signals, and for the costs of repairs incurred by property owners resulting from the failure of the Principal to comply with and conform to the above mentioned codes, laws and ordinances of the Metropolitan Government.

Thus, the Bond obligated the Principal and the Surety to pay for damage to property owned by the Metropolitan Government, as well as the cost of repairs incurred by property owners resulting from A-1's failure to comply with the Metropolitan Government Code sections listed in the Bond.

In the underlying lawsuit, the Plaintiff/Appellant in this case, Donald Curlee ("Curlee"), sued Burnette and A-1, apparently for damage that occurred to his property.  On September 7, 2000, Curlee was awarded a $21,000 judgment against Burnette and A-1, jointly and severally.  The record in this cause does not indicate the damage for which Curlee sued in the underlying lawsuit.[2]

On September 14, 2001, Curlee sued State Insurance for breach of contract and violation of section 56-7-105 of the Tennessee Code Annotated, which provides for prompt payment of insurance losses.[3]  Curlee asserted that the Bond covered the $21,000 judgment against A-1 because Curlee was a third-party beneficiary to the Bond.  He argued that State Insurance breached the provisions of the Bond, and acted in bad faith by refusing to pay his claim.  Curlee sought $74,000 in damages.

---

[1] For purposes of this appeal, Bob Burnette and A-1 Construction, Inc. will be collectively referred to as "A-1," unless the facts necessitate otherwise.

[2] State Insurance's appellate brief states that in the underlying lawsuit, Curlee sued A-1 for "alleged water damage to the interior of [Curlee's] personal property" that was "outside the specified perimeters of the bond."  This is not, however, contained in the appellate record.

[3] Section 56-7-105(a) of the Tennessee Code Annotated states:

(a)  The insurance companies of this state . . . in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days *after a demand has been made by the holder of the policy or fidelity bond* on which the loss occurred, *shall be liable to pay the holder of the policy or fidelity bond*, in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss . . . .

Tenn. Code Ann. § 56-7-105 (2000) (emphasis added).

State Insurance filed a motion to dismiss, arguing that Curlee could not assert breach of contract because Curlee was not a party to the Bond and had no privity of contract with State Insurance.[4]

In Curlee's response, he argued that as a third-party beneficiary to the Bond, he stood in the shoes of A-1, and therefore had the same rights A-1 had under section 56-7-105. The motion was submitted to the trial court on the parties' briefs, by agreement.[5]

The trial court found that the Bond "in no way affected [Curlee] because the construction in this case did not affect [Metropolitan Government], i.e. no sewer nor water nor street damage occurred." Thus, the court continued, Curlee and State Insurance had no contractual relationship on which a breach of contract claim could be used. The trial court further found that Curlee would be a third-party beneficiary to the Bond for anything "other than construction affecting Metropolitan Government." Noting that Curlee's loss in this case did not appear to stem from a failure to comply with the Metropolitan Codes, as required under the Bond, the trial court nevertheless allowed Curlee thirty days to show that his claim fell under the Code provisions listed in the Bond agreement.

Curlee then filed a motion to alter or amend, contending that his claim fell within the Metropolitan Government Code previously referred to by the trial court. State Insurance's response to the motion to alter or amend argued that Curlee's claim "rest[ed] solely against . . . Bob Burnette and A-1 Construction" because Curlee was not a policyholder of State Insurance.

The trial court denied the motion to alter or amend, thus upholding its previous decision dismissing Curlee's claim against State Insurance. From this order, Curlee appeals.

On appeal, Curlee asserts that the trial court erred in dismissing his case because it incorrectly interpreted the language of the Bond. Curlee argues that he is entitled to enforce the provisions of the Bond as a third-party beneficiary, and that the Bond protects all property owners in the Metropolitan Government's jurisdiction against Code violations and work that fails to meet Code standards. State Insurance contends that the trial court correctly dismissed Curlee's complaint.

We first note that a motion to dismiss must be converted to a motion for summary judgment when the trial court states, or the evidence shows, that it considered matters outside the pleadings

---

[4] State Insurance also contended that the bad faith claim was improper because the controlling statute, section 56-7-105 of the Tennessee Code Annotated, provided that the claim must be made by the holder of the bond, and here, neither Burnette nor A-1 had ever made a claim under the Bond.

[5] On the day of the hearing, Curlee's counsel was unable to attend the argument; however, the attorneys for both parties had previously agreed to submit the issue to the trial court without oral argument. The trial judge agreed, but requested that counsel for State Insurance submit a copy of the Bond to the trial court. State Insurance filed a copy of the Bond agreement with the trial court, and also filed a reply to Curlee's response to the motion to dismiss. In the reply, State Insurance asserted *inter alia* that caselaw relied on by Curlee was inapplicable because Curlee did not furnish materials to A-1 for the construction project, nor did he have a contractual relationship with A-1.

when making its decision. ***Pendleton v. Mills***, 73 S.W.3d 115, 120 (Tenn. Ct. App. 2001) (quoting ***Pac. E. Corp. v. Gulf Life Holding Co.***, 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995)) ("[A] Tenn. R. Civ. P. 12.02(6) motion must be converted to a summary judgment motion if 'matters outside the pleadings are presented to and not excluded by the court.'"); ***Asbury v. Lagonia-Sherman***, No. W2001-01821-COA-R3-CV, 2002 Tenn. App. LEXIS 731, at *7-8 n.1 (Tenn. Ct. App. Oct. 15, 2002). Here, the trial judge requested that the Bond be made part of the record, and indeed, interpretation of the Bond was central to the trial court's decision. Because the trial court relied on evidence outside of the pleadings in making its decision, the motion was in effect converted to a motion for summary judgment. Thus, on appeal, we review the trial court's judgment under the standard of review for summary judgment.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. ***Warren v. Estate of Kirk***, 954 S.W.2d 722, 723 (Tenn. 1997).

Contract interpretation is a matter of law, and is reviewed on appeal *de novo* with no presumption of correctness from the trial court below. ***Guiliano v. Cleo, Inc.***, 995 S.W.2d 88, 95 (Tenn. 1999). "When resolving disputes concerning contract interpretation, our task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language." ***Id.***

In the case at bar, the Bond was written in favor of the Metropolitan Government and also "for and on behalf of the owner(s) of property on which work is performed by the Principal pursuant to a permit issued under this bond." Thus, it protected the Metropolitan Government and owners on whose property A-1 performed work. The Bond specifies the type of damage it is intended to cover: damage to the property of the Metropolitan Government as well as "the costs of repairs incurred by property owners resulting from the failure of the Principal to comply with and conform to the above mentioned codes, laws and ordinances of the Metropolitan Government." Thus, a property owner would be covered under the Bond if A-1 performed work on his property and the property owner incurred costs for repairs resulting from A-1's violation of the Metropolitan Government Code sections listed in the Bond.

In this case, we know only that Curlee obtained a judgment against A-1. Nothing in the record before this Court indicates that A-1 performed work on Curlee's property pursuant to a permit issued under the Bond, or that Curlee incurred repair costs resulting from A-1's violation of the Code provisions listed in the Bond. The trial judge gave Curlee an opportunity to demonstrate that his loss resulted from violations of the code sections listed in the Bond. Nothing in the record shows that

this was done.  Under these circumstances, we find no error in the trial court's dismissal of Curlee's claim.

The decision of the trial court is affirmed.  Costs are taxed to the appellant, Donald Curlee, and his surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE