# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Brief March 31, 2003

## RODNEY JOHNSON v. JAMES GULLEY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-007605-01     Robert A. Lanier, Judge**

---

**No. W2002-02357-COA-R3-CV - Filed July 28, 2003**

---

The trial court dismissed this case based on the one-year limitations period applicable to attorney malpractice actions. We regard the trial court's order as an award of summary judgment and affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY, J., joined.

Rodney Johnson, *Pro Se*.

Bradley J. Cordts, Memphis, Tennessee, for the appellee, James M. Gulley.

### MEMORANDUM OPINION[1]

The facts pertinent to this appeal are undisputed. On April 29, 1999, James M. Gulley (Mr. Gulley) represented Rodney V. Johnson (Mr. Johnson) in General Sessions Criminal Court of Shelby County, where Mr. Johnson pled guilty to assault. On July 30, 2001, Mr. Johnson filed a civil warrant in the Court of General Sessions for Shelby County against Mr. Gulley alleging "misrepresentation" by Mr. Gulley with respect to the 1999 plea in criminal court. The general sessions court awarded judgment to Mr. Gulley based on the one-year statute of limitations for attorney malpractice actions. Mr. Johnson appealed to circuit court, which dismissed the cause based upon the statute of limitations. Mr. Johnson now appeals to this Court.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee: This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Issue Presented

The dispositive issue on appeal, as we perceive it, is whether Mr. Johnson's cause of action is barred by the one-year statute of limitations applicable to allegations of attorney malpractice.

## Standard of Review

Although the order of the trial court is one sustaining Mr. Gulley's September 11, 2002, motion to dismiss, we note that the court's September 23, 2002, order followed an additional motion by Mr. Gulley on September 13, 2002, for summary judgment. After reviewing the record, it is clear to this Court that the trial court could not have determined the date of the plea in criminal court without looking beyond the pleadings. Therefore, we regard the trial court's order as one awarding summary judgment to Mr. Johnson, and review it accordingly. *See Adams TV of Memphis v. ComCorp of Tenn.*, 969 S.W.2d 917, 920 (Tenn.Ct.App.1997)(motion to dismiss converted to motion for summary judgment when trial judge considered matters outside the pleadings).

A motion for summary judgment is appropriately granted only upon a showing that there are no genuine issues of material fact and that the party moving for summary judgment is entitled to judgment as a matter of law. Tenn. R. Civ. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant or denial of summary judgment. *Id.* Our review of an award of summary judgment is therefore de novo upon the record. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997).

## Running of the Limitations Period

Tennessee Code Annotated § 28-3-104(a)(2) provides a one-year limitations period for causes of action alleging attorney malpractice. Although Mr. Johnson's plea in the criminal court is not dated, and Mr. Gulley fails to state the date in his affidavit, the parties do not dispute that the plea was signed by Mr. Johnson and entered on April 29, 1999. Further, that the plea was signed by Mr. Johnson on April 29, 1999, is supported by Mr. Johnson's motion to consolidate of June 12, 2002, his motion to continue trial of September 13, 2002, and by the November 19, 2001, affidavit of Joseph Bailey in support of Mr. Johnson which was filed in the general sessions court on December 7, 2001. Therefore, it is clear to this Court that any "misrepresentation" by Mr. Gulley with respect to the guilty plea in criminal court occurred on or before April 29, 1999.

Mr. Johnson argues that the limitations period in this case should be tolled because Mr. Gulley fraudulently concealed facts pertaining to the April 29, 1999, plea. We find this argument to be without merit. Assuming, *arguendo*, that Mr. Johnson's statement in his September 13, 2002, motion to continue trial and Mr. Bailey's affidavit in support of Mr. Johnson are true, Mr. Johnson was dissatisfied with the April 29, 1999, plea at the time it was made, despite having voluntarily signed it. Mr. Johnson alleges he directed Mr. Gulley to withdraw the plea on the

day it was made. In his brief to this Court, Mr. Johnson states that he again directed Mr. Gulley to withdraw the guilty plea on April 30, May 3 and May 4, 1999. Assuming that allegation to be true, Mr. Johnson was aware of any alleged "misrepresentation" on April 29, 1999. We find no evidence of concealment.

In light of the foregoing, we affirm summary judgment for Mr. Gulley. This cause of action is barred by the one-year limitations period prescribed by Tenn. Code Ann. § 28-3-104(a)(2). Costs of this appeal are taxed to the appellant, Rodney V. Johnson, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE