## Larry Dean DICKERSON

v.

## Garry BROWN.

Court of Appeals of Tennessee, Western Section, at Jackson.

Assigned on Briefs Aug. 27, 2003.

Dec. 17, 2003.

Permission to Appeal Denied by Supreme Court June 1, 2004.

Larry Dean Dickerson, Only, Tennessee, pro se.

Garry Brown, Trenton, Tennessee, pro se.

## OPINION

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This is a legal malpractice case. The defendant attorney represented the plaintiff in a criminal trial, which resulted in the plaintiff's conviction in February 2000. In October 2000, the attorney was granted permission to withdraw from his representation of the plaintiff in the criminal proceedings. In May 2002, the plaintiff filed the complaint below, alleging that the attorney committed legal malpractice in his defense of the criminal charges against the plaintiff. The attorney filed a motion to dismiss and for summary judgment asserting, among other things, that the complaint was filed beyond the applicable one-year statute of limitations. The trial court granted the attorney's motion. The plaintiff now appeals. We affirm, finding that the undisputed facts show that the plaintiff's legal malpractice claim was untimely, under Tennessee Code Annotated § 28–3–104(a)(2).

On December 24, 1997, Plaintiff/Appellant Larry Dean Dickerson ("Dickerson") was arrested. He was indicted on May 29, 1998. Dickerson hired Defendant/Appellee Garry Brown ("Brown") to represent him at his criminal trial. On February 9,

2000, Dickerson was convicted of first degree murder. Subsequent to the conviction, Brown filed a motion for a new trial on Dickerson's behalf, preserving Dickerson's right to appeal. On October 10, 2000, the trial court issued an order allowing Brown to withdraw as Dickerson's counsel of record.

On May 22, 2002, Dickerson filed a civil lawsuit against Brown, alleging that Brown committed legal malpractice in his representation of Dickerson in the criminal proceedings. Dickerson claimed that Brown "did not have [a] very broad grasp" of constitutional principles, and that Brown previously concealed information from him.[1]

On July 11, 2002, Brown filed a motion to dismiss or for summary judgment, asserting that his failure to use certain trial tactics in Dickerson's criminal trial did not state a claim for relief for legal malpractice, that the complaint failed to set out the required elements of a legal malpractice claim, and that Dickerson's complaint was filed beyond the applicable statute of limitations. In support of that motion, Brown attached his affidavit, asserting, among other things, that he complied with the applicable standard of professional practice.

On November 7, 2002, the trial court conducted a hearing on Brown's motion. On November 22, 2002, the trial court entered an order granting the motion, holding that, even when liberally construed, the complaint did not properly state a claim for legal malpractice and

that, in any event, the complaint should be dismissed as untimely because it was filed outside the one-year statute of limitations set forth in Tennessee Code Annotated § 28-3-104(a)(2). From that order, Dickerson now appeals.

In considering an appeal from a trial court's grant of a motion to dismiss on the pleadings pursuant to Tennessee Rule of Civil Procedure 12.02(6), we must take all allegations of fact in the plaintiff's complaint as true and review the trial court's legal conclusions *de novo* with no presumption of correctness. *See* Tenn. R.App. P. 13(d); *see also Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn.1997). To the extent that the trial court relied upon matters outside the original pleadings in deciding Brown's motion to dismiss, we will treat Brown's motion as a motion for summary judgment in accordance with Rule 12.02 of the Tennessee Rules of Civil Procedure.[2] *See Ku v. State*, 104 S.W.3d 870, 873 (Tenn.Ct.App.2002). The trial court's grant of summary judgment is likewise reviewed *de novo* with no presumption of correctness. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn.1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the evidence in a light most favorable to the nonmoving party, giving that party the

---

1. Dickerson made reference to a breach of contract claim, but did not refer to any contract in his complaint and relied solely on allegations of negligent legal representation.

2. Rule 12.02 provides in pertinent part:
   ... If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted,

matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Tenn. R. Civ. P. 12.02.

**64**

benefit of all reasonable inferences. *Warren*, 954 S.W.2d at 723 (quoting *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997)). Once the moving party demonstrates that there is no genuine issue of material fact, the non-moving party must demonstrate, by affidavits or otherwise, that a disputed issue of material fact exists for trial. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn.1993).

On appeal, Dickerson makes the same claims as he did in the trial court, that Brown breached the applicable standard of professional practice in his representation of Dickerson in the criminal matter. From the undisputed facts, however, it is readily apparent that Dickerson's legal malpractice claim was filed outside the one-year statute of limitations provided in Tennessee Code Annotated § 28–3–104(a)(2). That statute provides that "[a]ctions and suits against attorneys ... for malpractice, whether the actions are grounded or based in contract or tort," must be "commenced within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28–3–104(a)(2) (2000). In this case, Brown's involvement in Dickerson's criminal proceedings ended when he was permitted to withdraw as counsel of record, in October 2000. Any cause of action Dickerson had would have accrued on or before October 2000, the date Brown withdrew from his representation of Dickerson. Dickerson's lawsuit was filed over one year later, in May 2002. Dickerson makes no argument as to why the statute of limitations would not bar his claim under these circumstances. Thus, on these undisputed facts, we are compelled to affirm the decision of the trial court dismissing Dickerson's claim based on the applicable statute of limitations. In light of this decision, all other issues raised in this appeal are pretermitted.

The decision of the trial court is affirmed. Costs on appeal will be taxed to Appellant Larry Dean Dickerson, and his surety, for which execution may issue, if necessary.