IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 17, 2008 Session

**JAMES ROBERT BELL**

v.

**FIRST CITIZENS NATIONAL BANK, Trustee of the Mary Sue Bell
Testamentary Trust, BILL Y. WALKER, THOMAS R. YARBRO**

**Appeal from the Chancery Court for Dyer County**
**No. 06C474      J. Steven Stafford, Chancellor**

_____

**No. W2007-02435-COA-R3-CV - Filed October 20, 2008**

_____

This appeal involves the sale of an asset of a testamentary trust. The plaintiff/appellant is a beneficiary of the trust, and the defendant/appellee bank is trustee of the trust. The trust originally had a promissory note as one of its assets. In 1981, the trust sold the note at a discount. In 1987, the bank submitted an accounting and sought approval for the sale of the note. The appellant's father, also a beneficiary of the trust, challenged the bank's petition. In 1989, the chancery court issued an order approving the sale of the promissory note. The order was signed by the appellant and was not appealed. In 2006, the appellant beneficiary filed a complaint in the trial court below, challenging the sale of the note. The trial court granted summary judgment in favor of the bank, finding that the appellant's claims were barred under the doctrine of *res judicata* and collateral estoppel, and that they were time-barred as well. In addition, the trial court awarded Rule 11 sanctions against the beneficiary. The beneficiary appeals. We affirm, finding that the beneficiary's claims are barred by the statute of limitations, and that Rule 11 sanctions are warranted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and WALTER C. KURTZ, S.J., joined.

James Robert Bell, Baldwyn, Mississippi, appellant, pro se

Charles V. Moore, Jr. and Matthew Wayne Willis, Dyersburg, Tennessee, for the appellees, First Citizens National Bank, Trustee of the Mary Sue Bell Testamentary Trust, Bill Y. Walker, and Thomas R. Yarbro

**OPINION**

This case is an action by Plaintiff/Appellant James Robert Bell ("Bell") as a beneficiary of a testamentary trust established by his great-aunt, Mary Sue Bell ("Decedent"). In 1973, the Decedent sold a parcel of land located in Dyer County, Tennessee to Bill Y. Walker ("Walker") and Thomas R. Yarbro ("Yarbro"). The consideration given for the land included a promissory note in the principal amount of $480,000, secured by a vendor's lien on the property. The note was payable to Tom Bell, the Trustee for the Decedent. The terms of the note called for forty consecutive annual installment of payments of $12,000 each on December 31 of each year, commencing on December 31, 1978. In 1976, a Dyer County court entered an order declaring the 1973 deed to be valid and modifying the payment schedule of the promissory note.

The Decedent died on January 18, 1978. Shortly thereafter, her will was admitted to probate by the Law and Equity Court for Dyer County. First Citizens National Bank ("First Citizens") and J. E. York, Jr., as President of the Bank of Friendship, were named as co-executors of the Decedent's estate. In 1979, First Citizens filed its settlement of the Decedent's estate; after notice was given to all potential beneficiaries and heirs, no exceptions were filed. As a result, in April 1984, the court approved the settlement, granted First Citizens' motion to be discharged as executor of the Decedent's estate, and confirmed First Citizens' acts as executor. All assets of the estate were transferred to First Citizens as trustee of the Mary Sue Bell Testamentary Trust ("Trust"). The promissory note at issue was included in the estate's inventory as an asset of the estate and was therefore transferred to the Trust. The beneficiaries of the Trust included Plaintiff/Appellant Bell's father, Thomas E. Bell, Jr.

Meanwhile, in 1981, First Citizens determined that, based on economic conditions and the financial circumstances of the obligees, it would be in the best interest of the beneficiaries to sell the note for its present cash value. Consequently, in December 1981, First Citizens sold the promissory note to Yarbro for $110,000 and released the vendor's lien on the property.

In June 1987, as trustee of the Trust, First Citizens filed a petition in the Dyer County Chancery Court seeking approval of its accounting and the sale of the promissory note. Notice of the petition was given to Bell and to Bell's father, Thomas E. Bell, Jr. Bell's father objected to First Citizens' petition, alleging, *inter alia*, that First Citizens did not have the power to sell the note without prior court approval, that the $110,000 paid for the note was inadequate consideration, and accusing First Citizens of mismanaging the Trust assets.[1]

On December 21, 1989, Bell filed a *pro se* cross-complaint against First Citizens in the Dyer County Chancery Court action, alleging misdeeds by First Citizens in its capacity as trustee of the Decedent's Trust, in particular with respect to the sale of the promissory note from Walker and Yarbro. Bell's cross-complaint refers to the death of Thomas E. Bell, Jr. on April 28, 1989. On December 22, 1989, the Dyer County Chancery Court issued an order approving First Citizens' accounting, approving the sale of the promissory note, and dismissing the claims and objections filed

---

[1]At the hearing on the objection to First Citizens' petition, the proof offered by First Citizens in support of the sale of the promissory note included a valuation of the note by Christopher Mercer, CPA, President of Mercer Capital Management, Inc. Mr. Mercer appraised the value of the note at that time as being $40,693.95.

by Thomas E. Bell, Jr. The order did not specifically refer to Bell's cross-complaint. Bell's signature appears at the bottom of the December 22, 1989 order.

There was no appeal of the Chancery Court's December 22, 1989 order approving the sale of the promissory note. The record does not indicate any further activity regarding Bell's cross-complaint or any other matters in those proceedings.

Almost seventeen years later, in October 2006, Bell filed the complaint in the case at bar in the Chancery Court of Dyer County against First Citizens, Yarbro, and Walker. Bell's complaint stated various claims relating to the 1973 transfer of property from the Decedent to Walker and Yarbro and also to First Citizens' sale of the promissory note. The defendants filed an answer to Bell's complaint and, in addition, asserted counterclaims for costs, expenses, and attorney's fees, alleged that Bell's complaint was frivolous and contained false and fraudulent claims, and sought Rule 11 sanctions. *See* Tenn. R. Civ. P. 11.

All of the parties filed motions to dismiss the claims asserted against them. In support of the motions to dismiss, the parties submitted and relied on affidavits and exhibits, which were outside the scope of the pleadings. Consequently, the trial court treated the motions to dismiss as motions for summary judgment. Tenn. R. Civ. P. 12.02.

After considering the motions and the record as a whole, the trial court issued an order finding that the doctrines of *res judicata* and collateral estoppel precluded Bell from asserting the claims contained in his complaint. The trial court observed that both Bell and his father had participated in the earlier litigation culminating in the December 22, 1989 order, and no appeal was taken. Noting that the instant litigation was filed seventeen years after the prior Chancery Court order, the trial court also determined that Bell's claims were barred by the applicable statute of limitations. The trial court, therefore, denied Bell's motion and granted summary judgment in favor of the defendants. The defendants' motion for Rule 11 sanctions was granted, with the amount taken under advisement.[2]

On October 16, 2007, the trial court entered an order on the defendants' motion for Rule 11 sanctions. After reviewing the pleadings and orders filed in the previous litigation, the trial court found that all issues raised by Bell in the instant case were raised by either Bell or his father in the prior litigation, were resolved by the Chancery Court at that time, almost seventeen years earlier, and were not appealed. In light of this, the trial court found that Rule 11 sanctions were warranted, and issued an award against Bell totaling $9,000, plus court costs.

Bell now appeals the grant of the summary judgment in favor of the defendants and the award of Rule 11 sanctions. On appeal, Bell raises numerous issues. As we understand them, they include:

---

[2]The 21-day period under Rule 11 was specifically waived.

(1)      Whether his father's death served to void the judgments against him and the orders directed at him such that the doctrines of *res judicata* and collateral estoppel are inapplicable against Bell's claims.

(2)      Whether the fact that Bell's 1989 cross-complaint was not specifically addressed in the Chancery Court's December 22, 1989 order of dismissal would preclude the grant of summary judgment against him in the present case.

(3)      Whether there was a genuine issue of material fact that existed concerning the failure of Walker and Yarbro to make payments on the promissory note.

(4)      Whether Bell has a right to enforce the vendor's lien that was reserved by the Decedent to secure payment of the promissory note but that was subsequently released by First Citizens.

(5)      Whether Bell was required to file a statement of undisputed facts with his motion for summary judgment or in response to defendants' statement of undisputed facts filed with their motion for summary judgment.

(6)      Whether Rule 11 sanctions were appropriate against Bell in this case.

We perceive the pivotal issue to be whether the defendants were entitled to summary judgment based on the statute of limitations.

Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (citation omitted). Therefore, our review is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997) (citation omitted). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

To determine whether the trial court erred in granting summary judgment in favor of the defendants, we must consider when the claims contained in Bell's 2006 complaint accrued. In his complaint, Bell stated essentially four causes of action. The first asserts that the 1973 warranty deed from the Decedent to Walker and Yarbro was ineffective to transfer title of the land because it was not properly executed and witnessed. Bell seems to imply, therefore, that the property still belonged to the Decedent and passed to his father, and then to Bell after his father's death. In his second cause of action, Bell asserts that Walker and Yarbro had not made any payments on the promissory note since December 28, 1981, after First Citizens sold the note. Pursuant to the terms of the contract, Bell alleges, in 1989, he accelerated the balance due on the note, and seeks to recover the balance plus interest.

The third and fourth causes of action asserted in Bell's complaint are related to First Citizens' sale of the promissory note to Yarbro for $110,000. In his complaint, Bell alleges that the consideration that Yarbro paid for the promissory note was "grossly inadequate" and that First Citizens acted in collusion with Yarbro to defraud the Trust and to defraud Bell as a beneficiary of

the Trust. Bell contends further that First Citizens lacked the authority to release the vendor's lien on the property that secured payment of the note.

The latest that any of the causes of action asserted in Bell's complaint could have accrued is in 1989, when the Chancery Court entered the order approving First Citizens' sale of the promissory note. Most, in fact, accrued well before 1989. The longest statute of limitations that could possibly apply to any of Bell's claims is the ten-year "catchall" statute of limitations, applicable to "[a]ll other cases not expressly provided for." T.C.A. § 28-3-110(3) (2000). Thus, reviewing Bell's complaint in the light most favorable to him, the limitations period for all of his claims expired no later than 1999. Thus, his complaint in the trial court below, filed seventeen years later in 2006, was clearly time-barred.[3] This holding pretermits issues raised by Bell on appeal relating to the trial court's holding that Bell's claims were barred under the doctrines of *res judicata* and collateral estoppel. We affirm, therefore, the trial court's grant of summary judgment in favor of the defendants.

Bell also appeals the trial court's grant of the defendants' motion for Rule 11 sanctions and its $9,000 award against him. We review a trial court's decision to grant Rule 11 sanctions under an abuse of discretion standard. ***See Krug v. Krug***, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992) (citations omitted).

Rule 11.02 of the Tennessee Rules of Civil Procedure provides that, by presenting a pleading, such as Bell's complaint to the trial court, a self-represented person such as Bell certifies:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . .
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02. Under Rule 11.03, if the court determines that Rule 11.02 has been violated, the court may impose a sanction upon the person responsible for the violation. Tenn. R. Civ. P. 11.03. Rule 11.03 specifically provides that the court may award sanctions in the form of "the

---

[3]It is unclear whether the Chancery Court's December 1989 order was intended to dismiss Bell's cross-claim. Even if it did not, Bell cites no authority indicating that the cross-claim, left "hanging," somehow tolls the statute of limitations on the claims asserted in his complaint in this lawsuit.

reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Tenn. R. Civ. P. 11.03(2). The Rule directs the trial court to "describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Tenn. R. Civ. P. 11.03(3).

In the case at bar, the trial court's order awarding sanctions stated:

The primary basis for this award is that all of the issues raised by the plaintiff have been previously litigated and that either the plaintiff or his late father were involved in this litigation. Additionally, the most recent order entered in that litigation was entered at least sixteen (16) years ago and none of the orders were appealed.

The trial court outlined the substantial attorney's fees incurred by the defendants as a result of the filing of Bell's complaint, and awarded First Citizens $5,000 and Walker and Yarbro $2,000 each.

In this case, Bell's complaint was not dismissed because his factual allegations had no evidentiary support or his legal contentions had no basis in the law. *See* Tenn. R. Civ. P. 11.02(2), (3). Indeed, the trial court did not address the merits of Bell's allegations. Rather, it found that his claims were barred based on defenses asserted by the defendants, namely, *res judicata*, collateral estoppel, and the statute of limitations.

We surmise, then, that the trial court found that Bell's complaint was filed for an "improper purpose, such as to harass" the defendants. Tenn. R. Civ. P. 11.02(1).[4] Based on the circumstances in this case, we agree with the trial court's finding that sanctions are warranted and find no error in the amount of sanctions awarded.

The decision of the trial court is affirmed. Costs of this appeal are to be taxed to the Appellant, James Robert Bell, for which execution may issue if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[4]The other "improper purpose[s]" included in Rule 11.02's list are "to cause unnecessary delay" or to cause "needless increase in the cost of litigation." Tenn. R. Civ. P. 11.02(1). There is no indication that Bell sought to "delay" anything, and because Bell initiated the litigation, there would be no "increase" in the cost of litigation. The list in Rule 11.02(1), however, is nonexclusive, and initiating litigation in order to cause a defendant to incur unnecessary litigation cost would be an "improper purpose."